# EXHIBIT 14



# SOCIAL SECURITY
### Office of the General Counsel
### Office of General Law

July 13, 2023

Sent via email and U.S. Mail

Jon Sherman
Litigation Director & Senior Counsel
Fair Elections Center
1825 K Street NW, Suite 450
Washington D.C. 20006
(Tel.) 202-331-0114
jsherman@fairelectionscenter.org

Re: Application for Records and Testimony of a Social Security Administration (SSA) Employee in a Federal Civil Case, *Mi Familia Vota, et al. v. Adrian Fontes, in his official capacity  as Arizona Secretary of State, et al.*, 22-cv-509 et al. (consolidated) (D. AZ)

Dear Mr. Sherman:

You filed an application requesting deposition testimony and supporting documents in this matter from an SSA employee regarding the accuracy and reliability of using SSA databases to verify current U.S. citizenship status.  Your case involves two consolidated actions challenging Arizona statutes that implement new citizenship investigation procedures for voter registration applicants and existing registered voters.  The procedures require local election officials to compare county voter registration information with data contained in SSA's databases to verify citizenship status and voter eligibility.  You allege that doing so will cause naturalized voter registration applicants and registered voters to be erroneously flagged as non-citizens based on old or inaccurate data in SSA databases.

You requested information concerning the frequency SSA databases are updated regarding U.S. citizenship status and the procedures SSA uses to update those databases.  You also requested any recent Office of the Inspector General (OIG) report, study, or investigation that includes a review of the accuracy and reliability of U.S. citizenship data or information contained in SSA databases.  You stated that you do not seek any internal SSA communications or the underlying data stored in SSA databases.  You assert that the information sought from SSA is directly relevant to the claims at issue in your case.  This letter constitutes the final decision on your application pursuant to the agency's regulations governing a request for testimony by employees and the production of records and information in legal proceedings.  As discussed in further detail below, I am denying your application for testimony but providing information and references to publicly available information about the accuracy of SSA's citizenship status.

SOCIAL SECURITY ADMINISTRATION     BALTIMORE, MD  21235-0001

Page 2 – Jon Sherman

Further, to the extent you seek nonpublic records or testimony from the Office of the Inspector General, you should direct a request in compliance with 20 C.F.R. Part 403 to: Office of the Inspector General, Social Security Administration, 300 Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235-6401. *See* 20 C.F.R. § 403.125.

Citizenship Information in SSA Records

While SSA records provide an indication of citizenship, they do not provide definitive information on U.S. citizenship. The Department of Homeland Security (DHS) is responsible for maintaining current immigration and work authorization status for all noncitizens. Individuals achieve citizenship in various ways. The agency responsible for recording and confirming citizenship status depends on how citizenship was achieved. The responsible agency may be DHS, Department of State, or the States. See SSA - POMS: GN 00303.100 - United States (U.S.) Citizenship - 06/05/2018. SSA is not the agency responsible for making citizenship determinations. Individuals report their citizenship status to SSA when they apply for a Social Security number (SSN). See SSA - POMS: RM 10210.500 - General Information on Evidence of U.S. Citizenship for a Social Security Number (SSN) Card - 07/31/2019. SSA did not begin to consistently maintain citizenship information until 1981. See Social Security History (ssa.gov) (explaining that SSA requirements regarding citizenship arose in the 1970s). Accordingly, SSA does not have citizenship information for all individuals who have been issued an SSN. Moreover, there is no obligation for an individual to report to SSA a change in their immigration status unless the individual is receiving Social Security payments. See SSA - POMS: GN 00303.001 - Requirement of United States (U.S.) Citizenship or Appropriate Alien Status - 06/27/2012 and SSA - POMS: RS 00204.010 - Lawful Presence Payment Provisions - 01/04/2017. As such, the citizenship SSA maintains merely represents a snapshot of the individual's citizenship status at the time of their interaction with SSA. SSA's records do not provide definitive information about an individual's citizenship status.

Moreover, we have publicly posted on our website information about the accuracy and reliability of the citizenship data that we maintain in the limited data exchanges in which we provide this information, such as:

- Section VI of Model State Computer Matching and Privacy Protection Act Agreement: Individuals applying for SSNs report their citizenship status at the time they apply for their SSNs. There is no obligation for an individual to report to SSA a change in his or her immigration status until he or she files for a Social Security benefit. State Agencies must independently verify citizenship data through applicable State verification procedures and follow the notice and opportunity to contest procedures specified in Section V of this Agreement before taking any adverse action against any individual.

- Section VII of Match 1051: The SSA Enumeration System database used for SSN matching is 100 percent accurate based on SSA's Office of Quality Review 'FY 2018 Enumeration Accuracy Review Report (April 2019).' This review includes the citizenship information provided at the time the individual applied for their SSNs. However, there is no obligation for an individual to report to SSA a change in his or her citizenship or immigration status until he or she requests a replacement card or files a claim for a Social Security benefit. While the citizenship information is accurate for SSA's program purposes, if used later for other purposes, it may not be current. SSA is not the custodian of U.S. citizenship records.

Page 3 – Jon Sherman

- Section X of Match 1097:
  SSA's assessment of its citizenship data indicates that approximately ¼ of those records do not have an indication of citizenship present.  However, SSA notes that while the indication of citizenship present in its records has increased over the years, it still only represents a snapshot in time.  Accordingly, while SSA may have more records with an indication of citizenship, this information may not be available at the time of SSA's data exchange with CMS.

*See* Computer Matching Programs (ssa.gov) (providing a copy of all SSA matching agreements).

Testimony Denial

An agency employee may appear in a legal proceeding to which the agency is not a party and testify about any SSA function or any information or record SSA created or acquired as a result of the discharge of official duties.  However, under SSA regulations, such appearance and testimony require the prior authorization of the Commissioner or her designee.  20 C.F.R. § 403.100.  Similar regulations governing Federal employee testimony have consistently been upheld as legitimate.  *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998); *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986).

We may consider several factors in determining whether to authorize testimony in cases in which SSA is not a party.  Those factors include but are not limited to: the risk of violation of law or compromise of Government privilege; the burden on SSA; and the interest served by allowing the testimony.  20 C.F.R. § 403.130.  Your application does not establish the criteria necessary to allow an SSA employee to testify.

While your request may not risk violation of law, granting your request for testimony would burden the agency and unduly expend the resources of the agency for a lawsuit that does not involve SSA.  *See* 20 C.F.R. § 403.130(b).  To provide the requested testimony, SSA would be required to divert at least one SSA employee from his or her assigned duties, thereby reducing SSA's ability to timely perform its own work, with no counterbalancing benefit to SSA.  *See* 20 C.F.R. § 403.130(b)(1).  Moreover, as explained above, the information sought is available through public information.  *See* 20 C.F.R. § 403.130(b)(2).  In addition, this request presumes SSA would be authorized to share such information with the State of Arizona and we have not identified any request from the State of Arizona to share such information for this purpose, or agency approval to such data sharing.

Further, we have considered the interests that would be served by providing testimony in this case and find that the testimony would not serve SSA's interests. 20 C.F.R. § 403.130.  While a state government official is involved in this case, permitting testimony would provide no benefit to SSA as SSA has no interest in the outcome of this case. 20 C.F.R. § 403.130(c)(2)-(3).  Moreover, the testimony is not needed to prevent fraud or misconduct, prevent a miscarriage of justice, or preserve the rights of an accused individual to due process in a criminal proceeding.  *See* 20 C.F.R. § 403.130(c)(4)-(5).

Page 4 – Jon Sherman

Thank you for your cooperation in this matter. If you have any questions, please contact Marty Budetti at (913) 219-0672.

Sincerely,

*/s/ Jessica Vollmer* for

Nancy Morales Gonzalez
Associate General Counsel
 for General Law, Division 1