UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:26-cv-11549-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | * * * | |
| Defendants. | * * | |
| STATE OF CALIFORNIA, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:26-cv-11581-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | * * * | |
| Defendants. | * * | |

MEMORANDUM & ORDER

April 28, 2026

TALWANI, D.J.

Pending before the court is Defendants' Motion to Transfer [Doc. No. 19][1] seeking to

transfer the above-captioned cases to the U.S. District Court for the District of Columbia.[2]

---

[1] Where an identical pleading has been filed on both dockets, the court has cited to the earlier docket, League of Women Voters of Massachusetts v. Trump, Civil Action No. 1:26-cv-11549 (D. Mass.) ("League of Women Voters").

[2] In each case, proposed Intervenors State of Alabama, State of Florida, State of Indiana, State of Kansas, State of Louisiana, State of Missouri, State of Montana, State of Nebraska, State of Oklahoma, State of South Carolina, State of South Dakota, and State of Texas have also filed a Motion to Transfer [Doc. No. 46] seeking the same relief. These motions are terminated where

Plaintiffs in each of the above-captioned cases oppose transfer.[3] After review of the briefing, the court DENIES transfer for the reasons that follow.

### I.    Discussion

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district court's decision to transfer a case is discretionary. See Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir. 1977).  Defendants seek transfer on the grounds that the two cases pending in this District and three other suits in the District of Columbia raise similar challenges to Executive Order 14,399; the earliest case was filed in the District to the District of Columbia; and "[t]he interests of sound judicial economy, avoidance of possibly conflicting orders, and promotion of inter-district comity all counsel in favor of applying the 'first-to-file [rule.]'" Defs.' Mem. ISO Mot. to Transfer ("Defs.' Mem.") 1 [Doc. No. 20].

The First Circuit has explained, "[o]bvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) and 28 U.S.C. § 1404). "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had

---

intervention has not yet been resolved but the court has considered proposed Intervenors' Memorandum in Support of Motion to Transfer [Doc. No. 47] as a brief *amicus curiae*.

[3] League of Women Voters [Doc. No. 85]; State of California v. Trump, Civil Action No. 1:26-cv-11581 (D. Mass.) ("State of California") [Doc. No. 86].

jurisdiction to resolve the issues and the other court to defer." Id. Under the first-to-file rule, "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (citing Codex, 553 F.2d at 737)). "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); see also Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 13 (1st Cir. 2009) (same).

Here, various plaintiffs have filed five separate actions challenging Executive Order 14,399, Ensuring Citizenship Verification and Integrity in Federal Elections, 91 Fed. Reg. 17125 (Mar. 31, 2026). The first action, DSCC v. Trump, Civil Action No. 1:26-cv-01114 (D.D.C), was filed in the District of Columbia, late in the day on April 1, 2026. The next morning, April 2, 2026, the second action, League of Women Voters, was filed here in the District of Massachusetts and later that same day League of United Latin Am. Citizens v. Exec. Off. of the President, Civil Action No. 1:26-cv-01132 (D.D.C.), was filed in the District of Columbia. On April 3, 2026, Nat'l Ass'n for the Advancement of Colored People v. Trump, Civil Action No. 1:26-cv-01151 (D.D.C.) was filed in the District of Columbia and, by mid-day, State of California, was filed here in the District of Massachusetts.

Defendants have not demonstrated, however, that the first-to-file rule applies. The court need not parse through the parties' arguments as to the similarity or differences in the claims in the five actions or the overlap of Defendants, where none of the Plaintiffs[4] in the cases in the

---

[4] Plaintiffs in League of Women Voters are the League of Women Voters of Massachusetts, the League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters Education Fund, League of Women Voters of the United States, Association of Americans

District of Massachusetts are parties to any of the cases in the District of Columbia. Defendants contend that "[o]verlap of plaintiffs . . . is not necessary to satisfy the first-to-file test." Defs.' Mem. 8 [Doc. No. 20] (citing Thakkar v. United States, 389 F. Supp. 3d 160, 173 (D. Mass. 2019)). But in Thakkar, the plaintiff was a member of a previously certified class action raising the same issues. 389 F. Supp. 3d at 168–170. The Thakkar court explained that in that circumstance, "courts will compare the allegations in the plaintiff's complaint with the class definition to determine whether the plaintiff meets the class definition's requirements," and "[i]f so, the parties will be sufficiently similar under the first-to-file rule." Id. at 172 (citations omitted). Thakkar thus does not support application of the first-to-file rule where the plaintiffs are different and not members of a certified class. Defendants offer no other support, and the court has found none, for transferring cases under the first-to-file rule where the plaintiffs differ.

Defendants argue finally that:

> absent enforcement of the first-to-file rule, plaintiffs with a common goal of challenging an Executive Order or other government action would be encouraged to split up into small, non-overlapping groups to file multiple suits in different district courts, in order to unfairly obtain multiple opportunities for relief, with success in one suit bringing success to all plaintiffs. Cf. Trump v. CASA, Inc., 606 U.S. 831, 855 (2025) ("A plaintiff must win just one suit to secure sweeping relief. But to fend off such an injunction, the Government must win everywhere."). These harms can be avoided when the first-to-file rule is adhered to, directing a court hearing a later-filed action to transfer the case to the court hearing the earliest-filed action.

---

Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Incorporated. Compl. [Doc. No. 1]. Plaintiffs in State of California are the State of California, the Commonwealth of Massachusetts, the State of Nevada, the State of Washington, the State of Arizona, the State of Colorado, the State of Connecticut, the State of Delaware, the District of Columbia, the State of Illinois, the State of Maine, the State of Maryland, the State of Michigan, the State of Minnesota, the State of New Jersey, the State of New Mexico, the State of New York, the State of North Carolina, the State of Oregon, the State of Rhode Island, the State of Vermont, the Commonwealth of Virginia, the State of Wisconsin, and Josh Shapiro in his official capacity as Governor of the Commonwealth of Pennsylvania. State of California, Am. Compl. [Doc. No. 65].

4

Defs.' Mem. 11 [Doc. No. 20]. Defendants' reliance on CASA is misplaced.

In CASA, the Supreme Court granted the government's application to partially stay preliminary injunctions entered in three separate actions challenging an Executive Order, "but only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." CASA, 606 U.S. at 861. The Court then remanded the cases to the three lower courts for further proceedings. Id. In his concurrence, Justice Kavanaugh acknowledged that when a major statute is passed or major executive order is issued, until the Supreme Court issues a final ruling, "various plaintiffs may seek preliminary injunctions, sometimes in many different district courts." Id. at 873–75 (Kavanaugh, J., concurring). He noted that, "[g]oing forward, in the wake of a major new federal statute or executive action, different district courts may enter a slew of preliminary rulings on the legality of that statute or executive action" and in "nationally significant matters, . . . one would expect a flood of decisions from lower courts," resulting eventually in the case, "if sufficiently important," being decided by the Supreme Court. Id. Despite this likely multitude of cases in the lower courts, not a single Justice in CASA suggested that the way to avoid this result would be to impose a first-to-file rule where suits are brought by different plaintiffs.

**II.      Conclusion**

Finding that Defendants have not met their burden to show that transfer here would be in the interest of justice, the Motion to Transfer is DENIED.

IT IS SO ORDERED.

April 28, 2026                                             /s/ Indira Talwani
                                                           United States District Judge