UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:26-cv-11549-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | * * * * | |
| Defendants. | * * | |
| STATE OF CALIFORNIA, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:26-cv-11581-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | * * * | |
| Defendants. | * * | |

**MOTION OF THE WISCONSIN DEMOCRACY CAMPAIGN, INC., EXPO OF WISCONSIN, INC., JALEYCE ORAEDU, JASMINE ORAEDU, AND AHARON SHELEF TO FILE BRIEF AS *AMICI CURIAE***

1

Wisconsin Democracy Campaign, Inc. (WDC), EXPO of Wisconsin, Inc. (EXPO), Jaleyce Oraedu, Jasmine Oraedu, and Aharon Shelef, through their undersigned counsel, respectfully request the Court's permission to file the attached brief as *amici curiae* in support of the Plaintiffs' motions for preliminary injunction and summary judgment in the captioned consolidated actions, Doc. No. 73 (26-cv-11549-IT); Doc. No. 97 (26-cv-11581-IT). In support of their Motion, *amici* state as follows:

1.     Proposed *amici* WDC and EXPO are nonprofit, nonpartisan organizations dedicated to, among other things, educating Wisconsinites on voting issues such as eligibility to vote in Wisconsin, registering to vote, and the process of voting; advocating for the right of eligible Wisconsin voters to exercise their constitutional right to vote; and, where appropriate, representing the rights of Wisconsin voters to access the franchise through participating in civil court actions.

2.     Proposed individual *amici* Jaleyce Oraedu and Jasmine Oraedu and Aharon Shelef are current or prospective Wisconsin voters who will rely on absentee voting in Wisconsin's November 3, 2026 General Election. As they will be residing out of state for school, each of the individual *amici* will rely on absentee voting to participate in Wisconsin elections.

3.     Because Executive Order 14399 will have a profound adverse impact on the ability of Wisconsinites—including the individual *amici* and those eligible Wisconsin voters whose interests WDC and EXPO represent—to vote through Wisconsin's statutory mail-in absentee ballot procedures, potentially

2

disenfranchising them and other Wisconsin voters, *amici* all have an interest in ensuring that Executive Order 14399 is not implemented in a way that deprives or impedes their constitutional right to vote. *Amici* therefore support the Plaintiffs' efforts to protect against violations of Wisconsinites' right to vote by preventing the executive branch of the United States government from improperly encroaching on congressional and state authority in federal election matters.

4.      This brief of *amici* will be desirable for the Court because it provides background information and arguments specific to Wisconsin's unique and decentralized system of election administration that support Plaintiffs' arguments in support of their motions for preliminary injunction and summary judgment but that are more detailed than Plaintiffs' briefs had the space to describe. *Amici*'s brief, in sum, provides specific examples of the types of adverse impacts EO 14399 would have on Wisconsin voters that the Plaintiffs' briefs address more generally.

5.      As noted in the Motion for Leave to File Brief as *Amicus Curiae* of the Society for the Rule of Law, which this Court granted, "this Court has found that *amici* can 'assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" Doc. No. 70, ¶ 3 (26-cv-11549-IT) (quoting *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal citation and quotation marks omitted)). Moreover, as *amicus* noted in its motion, courts "are 'well advised to grant motions for leave to file amicus

briefs unless it is obvious that the proposed briefs do not meet' the criteria of any relevant rules, 'as broadly interpreted.' *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.)." *Id.*, ¶ 3.

6.      Both WDC and EXPO, as well as undersigned counsel, have participated as parties and *amici* in litigation in federal and state courts in Wisconsin to protect the right of eligible Wisconsin voters to vote and to ensure that elections in Wisconsin are administered in conformance with the law. *See, e.g., Carey v. Wis. Elections Comm'n*, 624 F. Supp. 3d 1020 (W.D. Wis. 2022); *Wis. Democracy Campaign v. Elon Musk*, No. 2026CV133 (Brown Cnty. Cir. Ct.); *EXPO Wis., Inc. v. Wis. Elections Comm'n*, No. 2023CV279 (Dane Cnty Cir. Ct.). Moreover, *amici*, represented by the same counsel, filed a brief as *amici curiae* in the pending consolidated actions in the U.S. District Court for the District of Columbia challenging the same Executive Order as Plaintiffs in these consolidated actions, and *amici*'s brief was accepted for filing in that case. *DSCC, et al. v. Trump, et al.*, No. 26-cv-01114-CJN, Minute Order (D.D.C. Apr. 30, 2026).

7.      EO 14399 will conflict in many ways with both the timing and substantive provisions of Wisconsin's comprehensive election administration system, inevitably resulting in the disenfranchisement of Wisconsin voters who exercise their constitutional right to vote through returning absentee ballots by mail.

8.      The Background section of the attached brief describes in detail Wisconsin's highly unique, decentralized system of election administration and provides citations to the Wisconsin statutes that would be affected by the EO.

9. Part I of the attached brief demonstrates how EO 14399 threatens to unlawfully disenfranchise Wisconsin voters. Its provisions requiring that voter citizenship data be verified by using specific data that have been demonstrated to be inaccurate will needlessly disenfranchise Wisconsin voters. Part I further demonstrates how the EO's provisions will burden the United States Postal Service with election duties outside its expertise and, without additional resources, will further delay mailed absentee ballots and increase the risk of disenfranchising Wisconsin voters.

10. Part II of the attached brief demonstrates four specific ways in which the EO conflicts with Wisconsin's election laws and practices that will cause confusion and undermine voter confidence and participation in Wisconsin's elections. Those areas of conflict include state and federal records requirements; overly broad and unnecessary federal investigation and infringement on state and local enforcement mechanisms; Wisconsin's well-established process of casting absentee ballots by mail; and in-person absentee voting in Wisconsin.

11. Part III of the attached brief addresses how EO 14399 threatens the privacy rights of Wisconsin voters that are currently protected by both Wisconsin statutes and federal law.

12. The proposed brief of *amici* thus discusses relevant Wisconsin constitutional provisions and statutes that are implicated by the arguments Plaintiffs advance in their preliminary injunction briefs but that Plaintiffs do not address or discuss.

13.     Counsel for *amici* has conferred with counsel for the parties. Plaintiffs consent to the filing of *amici*'s brief. Defendants take no position on this Motion.

14.     No party's counsel authored the proposed brief in whole or in part, and no party or its counsel contributed money to fund the preparation or submission of the attached brief.

15.     *Amici* file this motion and the attached proposed brief on May 5, 2026, to avoid any risk that the brief will delay the resolution of the Plaintiffs' motions for preliminary injunction and summary judgment.

16.     A true and correct copy of the proposed brief of *amici* is attached to this motion.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that the Court grant them leave to file the accompanying brief.

Dated: May 5, 2026                  Respectfully submitted,


By:  /s/ *Ruth M. Greenwood*
     Ruth M. Greenwood (Mass. State Bar No. 707247)
     ELECTION LAW CLINIC AT
      HARVARD LAW SCHOOL
     4105 Wasserstein Hall
     6 Everett St.
     Cambridge, Massachusetts 02138
     rgreenwood@law.harvard.edu
     617.998.1010

     Douglas M. Poland (Wis. State Bar No. 1055189)*
     Jeffrey A. Mandell (Wis. State Bar No. 1100406)*
     Rachel E. Snyder (Wis. State Bar No. 1090427)*
     LAW FORWARD, INC.
     222 W. Washington Ave., Ste. 680

Madison, Wisconsin 53703
dpoland@lawforward.org
jmandell@lawforward.org
rsnyder@lawforward.org
608.283.9822

**Motions for admission *pro hac vice* pending

*Attorneys for* amici curiae *Wisconsin Democracy Campaign, Inc., EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, and Aharon Shelef*

7