# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

LEAGUE OF WOMEN VOTERS OF
MASSACHUSETTS, *et al.*,

        *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

        *Defendants*.

Case No. 1:26-cv-11549-IT

## REPLY IN SUPPORT OF PLAINTIFFS'
## RENEWED MOTION FOR PRELIMINARY INJUNCTION

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.   Plaintiffs Have Standing and Their Claims Are Ripe ...................................................... 1

    II.  Plaintiffs Have Shown Irreparable Harm ......................................................................... 4

    III. The Scope of Plaintiffs' Requested Relief Is Proper. ...................................................... 5

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*American Encore v. Fontes*,
    152 F.4th 1097 (9th Cir. 2025) ................................................................................... 5

*California v. Trump*,
    786 F. Supp. 3d 359 (D. Mass. 2025) ......................................................................... 5

*California v. Trump*,
    No. 1:26-cv-11581-IT, 2026 WL 1826490 (D. Mass. June 25, 2026) ................................ 1, 2

*California v. Trump*,
    Nos. 26-1774 & 26-1779, 2026 WL 2144084 (1st Cir. July 25, 2026) ............................. 2, 3

*Chamber of Commerce of the United States v. Reich*,
    57 F.3d 1099 (D.C. Cir. 1995) ................................................................................... 1

*Defenders of Wildlife v. Perciasepe*,
    714 F.3d 1317 (D.C. Cir. 2013) ............................................................................... 1, 2

*DSCC v. Trump*,
    No. 26-5193, 2026 WL 2168617 (D.C. Cir. July 28, 2026). ........................................... 2, 3

*In re Murray Energy Corporation*,
    788 F.3d 330 (D.C. Cir. 2015) ..................................................................................... 2

*League of United Latin American Citizens v. Executive Office of the President*,
    780 F. Supp. 3d 135 (D.D.C. 2025) ........................................................................... 4, 5

*New York v. Trump*,
    133 F.4th 51 (1st Cir. 2025) ........................................................................................ 2

*Pineda v. Skinner Services, Inc.*,
    22 F.4th 47 (1st Cir. 2021) .......................................................................................... 5

*Trump v. California*,
    No. 26A124 (U.S. July 27, 2026) ................................................................................. 4

*Trump v. New York*,
    592 U.S. 125 (2020) ................................................................................................ 2, 3

*Winter v. Natural Resources Defense Council, Inc.*,
    555 U.S. 7 (2008) ...................................................................................................... 4

**Other Authorities**

Office of Information and Regulatory Affairs,
  Conditions on the Preparation of Ballot Mail for Federal Elections,
  https://www.reginfo.gov/public/do/eoDetails?rrid=1485175 [https://perma.cc/KBN2-
  KF2U] ................................................................................................................................... 3

**Regulations**

91 Fed. Reg. 32915 (June 2, 2026) .................................................................................... 4

**INTRODUCTION**

Defendants and Intervenors largely reprise arguments this Court has already rejected in holding that Plaintiffs have standing and ripe claims, and that the Order is unconstitutional, notwithstanding its savings clauses. Mem. & Order, Dkt. No. 166; Mem. & Order, Dkt. No. 175; *California v. Trump*, No. 1:26-cv-11581-IT, 2026 WL 1826490 (D. Mass. June 25, 2026) (*California*). The factual support for those rulings has only increased: USPS is carrying out the Order in every meaningful respect. Plaintiffs' motion should be granted.

**ARGUMENT**

**I.    Plaintiffs Have Standing and Their Claims Are Ripe.**

Defendants (at 3–10) and Intervenors (at 4–11) continue to contend that Plaintiffs lack standing and, relatedly, that their claims are unripe. But this Court has already rejected these exact arguments, finding the Order causes direct harm to Plaintiffs' core business activities and to their members. Dkt. No. 175 at 8–9. Those holdings accord with the settled principle that executive orders may be challenged where they have immediate practical consequences. *E.g.*, *Chamber of Com. of U.S. v. Reich*, 57 F.3d 1099, 1100–01 (D.C. Cir. 1995) (finding challenge ripe because order's "mere existence" altered the parties' incentives and conduct).

Defendants (at 4–5) and Intervenors (at 5) rely on cases holding that courts ordinarily may not review proposed rules. But Plaintiffs do not challenge USPS's proposed rule; they challenge the President's command to USPS to carry out the unlawful Order, including by adopting an unlawful rule. That distinction is dispositive. In *Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317 (D.C. Cir. 2013), trade organizations lacked standing to challenge a consent decree requiring EPA to conduct a rulemaking, because the decree neither required EPA to promulgate a final rule nor dictated its substance. *Id*. at 1324–25. As this Court and the First Circuit have recognized here, the Order "lays out a clear set of rapidly approaching deadlines by which states must coordinate with

1

federal officials and comply with new voting procedures." *California v. Trump*, Nos. 26-1774 & 26-1779, 2026 WL 2144084, at *7 (1st Cir. July 25, 2026); *accord* Dkt. No. 175 at 4. Plaintiffs therefore face not the "possibility of potentially adverse regulation," *Perciasepe*, 714 F.3d at 1324–25, but the certainty that the President's directive will culminate in unlawful government actions.

*In re Murray Energy Corp.*, 788 F.3d 330 (D.C. Cir. 2015), does not help Defendants either. There, the D.C. Circuit rejected a challenge to a proposed rule in part because its delayed implementation schedule ensured that the plaintiffs could "challenge [the final] rule in a pre-enforcement suit." *Id*. at 334–35. Here, by contrast, Plaintiffs challenge an executive order, not a proposed rule; and, in any event, USPS's final rule will take effect immediately upon promulgation, eliminating any comparable opportunity for pre-enforcement review before the rule further alters the mail voting process nationwide. *See California v. Trump*, 2026 WL 2144084, at *5.

Nor does the presumption of regularity insulate the Order from review. Though agencies like USPS are generally presumed to act lawfully, this presumption does not "shield agency action from a thorough, probing, in-depth review." *New York v. Trump*, 133 F.4th 51, 73 (1st Cir. 2025) (citation modified). Just as the Order's perfunctory savings language does not salvage it, *see California*, 2026 WL 1826490, at *11–12, neither does the presumption of regularity: Because the Order lacks any constitutional or statutory basis and directs USPS to violate its organic statute, USPS's implementation of the Order is inherently and unavoidably unlawful.

The D.C. Circuit's recent decision in *DSCC v. Trump* does not alter that conclusion. Like Defendants, the panel relied on *Trump v. New York*, 592 U.S. 125 (2020), to find a challenge to the Order unripe, calling it "a dispute in a similar posture." *DSCC v. Trump*, No. 26-5193, 2026 WL 2168617, at *3 (D.C. Cir. July 28, 2026). Yet this Court has noted the Order "both includes multiple specific directives as to certain actions that federal agencies must take at specified times

2

and requires that definite substantive outcomes be implemented"—fundamentally distinguishing *Trump v. New York*. Dkt. No. 166 at 16 (quotation marks omitted); *see also* Dkt. No. 139 at 3–7. Unlike here, the order in *Trump v. New York* did not direct rulemaking with a specific implementation timeline to "include, at a minimum" specific provisions changing election mail, Order § 3(b). There, the order only directed that the Commerce Secretary "provide information permitting the President, to the extent practicable," to equip the President to exercise his "discretion to carry out the policy." *Trump*, 592 U.S. at 130. In *DSSC*, the D.C. Circuit reasoned it could not assume USPS would ultimately adopt a final rule, but acknowledged that, unlike here, neither USPS's proposed rule nor evidence about events post-dating the Order were "part of the record" there. *DSCC*, 2026 WL 2168617, at *3. Without that in the record, the panel overlooked what this Court and the First Circuit have correctly held on a more robust record: The Order leaves USPS no choice whether to promulgate the rule. *See* Dkt. No. 175 at 4; *California v. Trump*, 2026 WL 2144084, at *6, 11. Recent developments make clear that USPS is proceeding with the rule, notwithstanding counsel's arguments that promulgation of a final rule is uncertain: USPS's proposed rule is now in "Final Rule" status, per the Office of Information and Regulatory Affairs. *See* Off. of Info. & Regul. Affs., Conditions on the Preparation of Ballot Mail for Federal Elections, https://www.reginfo.gov/public/do/eoDetails?rrid=1485175 [https://perma.cc/KBN2-KF2U]. And postal union workers are building the portal contemplated in that rule.[1]

Ultimately, Defendants cannot have it both ways. In seeking a stay, they argue that an injunction irreparably harms the Government because it prevents the President from directing USPS to implement the Order before the November 2026 election. Stay Appl. at 2, *Trump v.*

---

[1] Nicholas Riccardi, *Court Panel Declines to Block Trump's Mail Ballot Order, but Its Status for Midterms Remains Unclear*, AP (June 28, 2026), https://apnews.com/article/trump-election-executive-order-mail-voting-5ed040e5055c82cf84545eba36a859d8.

3

*California*, No. 26A124 (U.S. July 27, 2026). Yet here they insist (at 9) that Plaintiffs' injuries are speculative because USPS might never implement the Order. Those positions are irreconcilable. The record confirms what the Order requires, and what Defendants repeatedly represent: That the President's directive leaves USPS with no discretion whether to promulgate the rule.

## II.  Plaintiffs Have Shown Irreparable Harm.

Plaintiffs have already shown they are more than "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see* Dkt. No. 171 at 13–19 (detailing Plaintiffs' ongoing, irreparable harm). Rather than address this showing, Defendants and Intervenors suggest a level of uncertainty regarding the Order's implementation belied by the factual record, and collapse arguments against irreparable harm with their inapt conception of standing already rejected by this Court, Dkt. No. 175 at 5–12.

Defendants (at 6) contend that the Order's implementation "does not require *voters* to do anything differently in requesting a ballot so as to necessitate a change in voter educational materials." Perhaps so, if Plaintiffs were content with USPS screening and refusing delivery of ballots of eligible citizens not "enrolled on a State-specific list." Order § 3(b)(iii); *see* 91 Fed. Reg. 32915, 32917–18 (June 2, 2026). But Plaintiffs are not, and such actions would directly undermine Plaintiffs' work to ensure eligible citizens can vote, including by mail. *See* Dkt. No. 171 at 16–17. That the Order's text itself does not regulate Plaintiffs is beside the point. *See* Dkt. No. 176 at 13–14. The Order and its implementation interfere with Plaintiffs' core missions and threaten disenfranchisement of their members, constituting irreparable harm. *See, e.g.*, *League of United Latin Am. Citizens v. Exec. Off. of President* (*LULAC*), 780 F. Supp. 3d 135, 201 (D.D.C. 2025).

Nor does this Court's injunction in the *California* case ameliorate Plaintiffs' irreparable harm, *contra* Dkt. No. 176 at 14. Defendants' litigation position today is that they "likely" cannot implement the Order in any state under this Court's extant injunction. *See id*. (quotation omitted).

This Court should not take their word for it. Regardless, Plaintiffs educate voters and have members who vote by mail in the 27 states not covered by the existing injunction. *See* Dkt. No. 171 at 14. Neither the Government's non-binding assurances nor the prior injunction obviates the Order's harms to Plaintiffs—only equitable relief enforceable by Plaintiffs can. *See California v. Trump*, 786 F. Supp. 3d 359, 396–97 (D. Mass. 2025) (preliminarily enjoining executive order already subject to another injunction); *Am. Encore v. Fontes*, 152 F.4th 1097, 1121 (9th Cir. 2025) ("[D]istrict courts frequently issue overlapping preliminary injunctions."). Relief is necessary to stem Plaintiffs' current and imminent irreparable harm from the Order.

### III.    The Scope of Plaintiffs' Requested Relief Is Proper.

Defendants argue (at 15–16) that equitable relief must be limited. But Plaintiffs request narrow relief: an injunction barring the USPS Defendants, not the President, "from implementing or giving effect to Section 3 of the Executive Order . . . and any other portion of the Executive Order in which the President issues commands to USPS," Proposed Order, Dkt. No. 170-1, at 2. And that relief is closely tailored to the violation that the Order causes by "insert[ing] . . . the USPS[] as a regulator of state mail-ballot programs where neither the Constitution nor USPS's enabling act allow for that role." Dkt. No. 175 at 14.

Finally, this Court should exercise its substantial discretion to decline Defendants' request (at 18) for an injunction bond. *See Pineda v. Skinner Servs., Inc.*, 22 F.4th 47, 57 (1st Cir. 2021). They have failed to show how they would be harmed without a bond, *id.*, and a bond would be particularly inappropriate because "requiring a bond as a condition of obtaining an injunction against unlawful executive action . . . would risk deterring other litigants from pursuing their right to judicial review of unlawful executive action." *LULAC*, 780 F. Supp. 3d at 225.

### CONCLUSION

The Court should grant Plaintiffs' requested preliminary injunction.

Dated: August 3, 2026

Respectfully submitted,

Jessie J. Rossman (BBO #670685)
Suzanne Schlossberg (BBO #703914)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Eliza Sweren-Becker*
Wendy Weiser*
Andrew B. Garber*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sweren-beckere@brennan.law.nyu.edu
weiserw@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu

Justin Lam*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 249-7190
lamju@brennan.law.nyu.edu

Niyati Shah*
Noah Baron*
Ejaz Baluch, Jr.*
ASIAN AMERICANS ADVANCING
JUSTICE-AAJC
1620 L Street NW, Suite 1050
Washington, DC 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
ebaluch@advancingjustice-aajc.org

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
Theresa J. Lee*
Davin Rosborough*
Ethan Herenstein*
Jonathan Topaz*
Ming Cheung*
William Hughes*
Clayton Pierce*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
tlee@aclu.org
drosborough@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
mcheung@aclu.org
whughes@aclu.org
cpierce@aclu.org

Sarah Brannon*
Adriel I. Cepeda Derieux*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20001
(202) 457-0800
sbrannon@aclu.org
acepedaderieux@aclu.org

Leah C. Aden*
Brenda Wright*
John S. Cusick*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
bwright@naacpldf.org
jcusick@naacpldf.org

6

Miranda Galindo\*
Latino Justice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org

I. Sara Rohani\*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
srohani@naacpldf.org

*\*Admitted pro hac vice*

*Counsel for Plaintiffs League of Women Voters of Massachusetts, League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters of the United States, League of Women Voters Education Fund, Association of Americans Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

August 3, 2026

/s/ *Sophia Lin Lakin*
Sophia Lin Lakin

8