**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-11549-IT |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND FOR EXPEDITED BRIEFING

## INTRODUCTION

Less than two weeks ago, this Court recognized that November's federal elections are so close, and Section 3 of the Executive Order so harmful, that there was a "critical need" to stem the "chaos" and "erosion of trust in our democracy" caused by the Order. Mem. & Order at 25, Dkt. No. 183. Because of the irreparable harm that Section 3 of the Executive Order was already inflicting on the core activities of Plaintiffs and on their members' right to vote, this Court issued a preliminary injunction on August 11, 2026, enjoining any implementation of Section 3 of the Executive Order with respect to the November elections. Dkt. No. 183. Yesterday, the USPS Defendants flouted that order by sending for publication a final rule with immediate effect (the Rule or Final Rule) in violation of the injunction's prohibition on implementing Section 3 of the Executive Order for the November elections, including by "completing rulemaking" for the November 3, 2026, election. *Id.*

Defendants easily could comply with the injunction and still take steps for future implementation by issuing a final rule *now* but with an effective date *after* the November 2026 election. They did not do so. Instead, the Rule takes "immediate effect[]" precisely to avoid jeopardizing its implementation "in time for the 2026 general election." Ex. A at 3. This action compounds the irreparable harm to Plaintiffs' core missions and the "irreparable harm to Plaintiff Organizations' members through the confusion" and interference with their voting plans "in the fast-approaching midterm elections" that this injunction sought to remedy. Dkt. No. 183 at 24. The issuance of the Final Rule with immediate effect will also sow widespread confusion among election officials and the public, thereby undermining voter confidence and disrupting the administration of elections. Plaintiffs respectfully move to enforce the preliminary injunction to prevent the perpetuation of the very harms the Court's order sought to remedy.

## BACKGROUND

### I. This Court's Order

To protect their and their members' fundamental rights, Plaintiffs sought a preliminary injunction against implementation of Section 3 of the Order, which violates the Constitution's separation of powers (Count I) and commands USPS to take unauthorized and unlawful action (Count II). Dkt. No. 73. On August 11, 2026, this Court entered a preliminary injunction, preventing USPS Defendants "from *implementing*, giving effect to, or enforcing Section 3 of Executive Order No. 14399, with respect to the November 3, 2026 or any earlier federal election, including refusing to transmit mail-in or absentee ballots; or otherwise initiating *or completing rulemaking* to promulgate the specific regulations outlined in Section 3(b)(i)(v) or (d) of the EO for the November 3, 2026 or any earlier election." Dkt. No. 183 at 27 (emphasis added). As of this filing, USPS Defendants have neither sought a stay of the injunction nor filed a notice of appeal.[1]

### II. Defendants' Subsequent Conduct

On the evening of August 21, 2026, Defendants filed a Notice with this Court reporting that the Final Rule had been sent to the Office of the Federal Register that day and was available for inspection prior to formal publication. Dkt. No. 188. Rather than setting an effective date after the November 3, 2026 election, as this Court permitted, the effective date for the Rule is August 21, 2026. The Rule explains the purpose for this effective date: "Delaying the effective date would jeopardize implementation of this rule in time for the 2026 general election, which will be held on November 3, 2026." Ex. A at 3.[2] It goes on to note that an immediate effective date "promotes

[1] Defendant-Intervenor States have filed a notice of appeal, *see* Dkt. No. 185, but have not sought a stay of the injunction.

[2] This exhibit is attached to the concurrently filed Declaration of Attorney Sophia Lin Lakin in Support of Plaintiffs' Emergency Motion to Enforce Preliminary Injunction and for Expedited Briefing.

states' and political subdivisions' ability to successfully implement the rule prior to the 2026 general election," as "[g]iven that mail-in ballots subject to this rule are generally mailed in September or thereafter, an immediate effective date ensures the maximum possible time for election officials to adjust their ballot mail envelopes to meet the new preparation standards if necessary, and to prepare to submit data to the Portal once it becomes active." Ex. A at 72.

Plaintiffs sought conferral with USPS Defendants and Defendant-Intervenors States under Local Rule 7.1 on the night of Friday, August 21. The Parties met and conferred on the morning of Saturday, August 22. USPS Defendants and Defendant-Intervenor States oppose the motions to enforce and to expedite briefing.

## LEGAL STANDARD

There is no doubt that "courts possess inherent authority" to initiate proceedings against "disobedience to their orders," a power "essential to ensuring that the Judiciary has a means to vindicate its own authority." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 793, 796 (1987). Among those inherent powers are the ability to issue further orders "to compel compliance with a [prior] court order." *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005); *see also R.I. State Council of Churches v. Rollins*, 158 F.4th 304, 314 (1st Cir. 2025) ("[F]ederal courts are not reduced to issuing injunctions . . . and hoping for compliance. Once issued, an injunction may be enforced." (quoting *Hutto v. Finney*, 437 U.S. 678, 690 (1978)). To enforce a court order (or to prove any kind of civil contempt), the plaintiff must show that (1) Defendants "had notice of a court order," (2) "the order was clear and unambiguous," (3) Defendants "had the ability to comply with the order", and (4) Defendants "violated the order." *New York v. Trump*, 777 F. Supp. 3d 112, 116 & n.3 (D.R.I. 2025) (citing *Hawkins v. HHS*, 665 F.3d 25, 31 (1st Cir. 2012) and granting motion to enforce preliminary injunction against multiple governmental defendants), *aff'd*, 171 F.4th 1, 30 (1st Cir. 2026).

"[T]he 'clear and unambiguous' standard applies to the *language* of the relevant court order, not to its effectiveness." *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 76 (1st Cir. 2002). Thus, the "clear and unambiguous" prong "requires that the words of the court's order have clearly and unambiguously forbidden the precise conduct" giving rise to the need for enforcement. *Id.* (citing *Perez v. Danbury Hosp.*, 347 F.3d 419, 424 (2d Cir. 2003)). Because of this objective test, "good faith is not a defense to civil contempt." *Goya Foods*, 290 F.3d at 76. Courts may "impos[e] civil contempt sanctions to 'coerce [a] defendant into compliance' with an injunction." *Trump v. CASA, Inc.*, 606 U.S. 831, 851 n.11 (2025) (quoting *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019)).

**ARGUMENT**

Plaintiffs meet each of the four factors necessary for the Court to issue an order to enforce the preliminary injunction.

*First*, Defendants plainly "had notice of [the] court order." *New York*, 777 F. Supp. 3d at 116. In addition to all counsel receiving each filing via the Court's electronic CM/ECF system, the text of the Rule itself illustrates their notice. Ex. A at 3 ("Given injunctions currently in place in . . . *League of Women Voters of Massachusetts v. Trump*, No. 26-cv-11549 (D. Mass. Aug. 11, 2026) . . .").

*Second*, "the words of the court's order have clearly and unambiguously forbidden the precise conduct" here. *Saccoccia*, 433 F.3d at 28. The injunction identified the precise regulations Defendants could not promulgate ("the specific regulations outlined in Section 3(b)(i)(v) or (d) of the EO"), the precise elections those rules could not be directed toward ("the November 3, 2026 or any earlier election"), and the precise acts Defendants could not take—"*implementing*, giving effect to, or enforcing" Section 3 with respect to those elections, and "initiating or *completing* rulemaking" to promulgate those regulations for these elections. Dkt. No. 183 at 27 (emphasis

added). The Order leaves no doubt about what it forbids.

*Third*, Defendants "had the ability to comply with the order." *New York*, 777 F. Supp. 3d at 116. This Court encouraged the government to issue a "rule for all the states effective January 1st," Hr'g Tr. 36:18–19 (Aug. 7, 2026), Dkt. No. 181, which "would allow for proper judicial review and allow people to have some confidence in what's happening instead of having chaos for . . . no stated reason," *id*. 69:7–11. This Court has dismissed Plaintiffs' claims for all elections after November 3, 2026, Dkt. No. 166, and so Defendants could have issued a Rule with a post-election effective date. They chose not to. Additionally, no party suggests that USPS needs to issue a final rule effective before the November elections to preserve its ability to appeal or seek a stay of this Court's preliminary injunction or its appeal or stay motion in *California v. Trump*, the latter of which is currently pending before the Supreme Court.

*Fourth*, Defendants "violated the order." *New York*, 777 F. Supp. 3d at 116. The issuance of the Rule violated the provisions of the injunction which forbade "implementing, giving effect to, or enforcing Section 3 of Executive Order No. 14399, with respect to the November 3, 2026 or any earlier federal election." Dkt. No. 183 at 27. Despite this ban on implementation, the text of the Final Rule unambiguously justifies its issuance so as not to jeopardize "implementation of this rule in time for the 2026 general election." Ex. A at 3. USPS attempts to skirt this mandate by claiming "the Postal Service will not take any action to implement the rule specifically for any election to be held on or before November 3, 2026 unless and until the government obtains relief from both of those orders." Dkt. No. 188 at 2. But whether or not USPS refrains from further action to implement the *Rule itself*, an immediately effective Rule nonetheless is an effort to implement Section of 3 of the *Executive Order*, which is what this Court's injunction forbids. Moreover, USPS's assurance that it "will not take any action to implement the rule specifically for any

election to be held on or before November 3, 2026, Dkt. No. 188 at 2, is belied by the Rule's text. For example, USPS promises "shortly after the effective date of the final rule," to "make additional guidance documents available, including a User Guide . . . and Technical Specifications for the Portal" that USPS intends to use to implement the Executive Order's mail ballot gatekeeping mandate. Ex. A at 56.

If this was not clear enough, the preliminary injunction expressly prohibits USPS from "initiating or *completing rulemaking* to promulgate the specific regulations outlined in Section 3(b)(i)(v) or (d) of the EO for the November 3, 2026 or any earlier election." Dkt. No. 183 at 27 (emphasis added). Yet Defendants completed that rulemaking on August 21, 2026, by transmitting the Rule to the Office of the Federal Register. That the Rule disclaims any additional implementation steps by USPS for the November election while the injunction remains in place does not change the fact that the very issuance of this Rule with an immediate effective date is expressly forbidden by this Court's injunction, especially where the Rule itself states that it is "for" the November 3, 2026 election. As the Rule makes clear, Defendants adopted an immediate effective date because "[d]elaying the effective date would jeopardize implementation of this rule in time for the 2026 general election, which will be held on November 3, 2026." Ex. A at 3. Indeed, the Rule emphasizes that the immediate effective date "promotes states' and political subdivisions' ability to successfully implement the rule prior to the 2026 general election." *Id*. at 72. Defendants cannot simultaneously maintain that the Rule must take effect immediately because of the November election and that the rulemaking was not for the November election.

Nor does Defendants' evident disagreement with the preliminary injunction excuse their noncompliance. If Defendants believe this Court's order is wrong—though it is not—the law affords them a clear remedy: file a motion to stay and an appeal to the First Circuit, relief that the

USPS Defendants have not pursued despite the pendency of the injunction for eleven days. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). Defendants cannot build their unpursued yet somehow anticipated future relief into an immediately effective regulation, primed to operate for the November election if a stay issues, with no further agency action required. Unless and until the injunction is stayed or vacated, it remains in force and prohibits the immediately effective Rule USPS issued.

Defendants have flouted the unambiguous terms of this Court's injunction and again injected the very chaos into the run up to the election that necessitated an injunction in the first instance. As Plaintiffs have made out each of the four factors necessary for the Court to issue a civil contempt order and enforce a preliminary injunction, this Court should order the requested relief.

## REMEDY

"Federal courts are empowered . . . to protect the due and orderly administration of justice and maintain the authority and dignity of the court." *Goya Foods*, 290 F.3d at 78 (cleaned up). When an injunction is violated, the "trial court has wide discretion in its choice of sanctions," and "make-whole relief is a commonplace sanction." *Id.* To remedy Defendants' violation of this Court's injunction and ensure compliance, Plaintiffs respectfully ask this Court to enforce its injunction by: (1) directing that the Final Rule has no force or effect with respect to any election on or before November 3, 2026; (2) directing Defendants to take no implementation or preparatory steps that would change the status quo for any covered election; and (3) directing Defendants to file compliance updates each week.

That requested remedy is necessary to restore the status quo prior to Defendants' violation of this Court's injunction and is within this Court's power to order. *See Goya Foods*, 290 F.3d at

78; *see also AngioDynamics, Inc. v. Biolitec AG*, 946 F. Supp. 2d 205, 214 (D. Mass. 2013) ("[T]he court has a responsibility to the system of law it upholds to move quickly to craft sanctions to coerce Defendants to restore the status quo ante."), *aff'd in relevant part*, 780 F.3d 420 (1st Cir. 2015). Courts routinely stay or postpone the effective date of agency actions, including rulemaking, to preserve the status quo.[3] The fact that the Rule purports to have taken effect on August 21, 2026, does not affect this Court's authority to postpone or stay the effective date until after the November 2026 elections. *See Texas v. Biden*, 646 F. Supp. 3d 753, 770–71 (N.D. Tex. 2022) ("Whether the effective date of the October 29 Memoranda has passed is irrelevant . . . . The All Writs Act 'preserves' courts' authority to issue such stays."). This Court has already ruled that the USPS Defendants may not complete rulemaking to implement Section 3 of the Executive Order for the November elections, and it should make clear that the Rule—issued in direct contravention of this Court's order—has no legal force or effect for this year's elections.

Other federal courts, when enforcing a preliminary injunction against a federal agency, have issued similar relief to undo the agency's violation. For instance, in *American Federation of Government Employees Local 2305 v. United States Department of Veterans Affairs*, the court ordered that the agency action taken in violation of an injunction "shall not be given any force or effect." No. 25-cv-583-MRD-PAS, 2026 WL 847245, at *1 (D.R.I. Mar. 27, 2026). Courts also routinely order status reports regarding the enjoined party's compliance efforts. *E.g.*, *New York v.*

[3] *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 426 (2009) (holding that "court's power to hold an [agency] order in abeyance while it assesses the legality of the order has been described as 'inherent,' preserved in the grant of authority to federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law'" (quoting All Writs Act, 28 U.S.C. § 1651(a))); *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 619 (5th Cir. 2021) (staying agency rule); *Silva v. Romney*, 473 F.2d 287, 293 (1st Cir. 1973) (explaining that district court has authority to postpone agency action under the All Writs Act, 28 U.S.C. § 1651 or the Administrative Procedure Act, 5 U.S.C. § 705).

*Trump*, 171 F.4th 1, 14 (1st Cir. 2026); *Am. Fed'n of Gov't Emps. Loc. 2305*, 2026 WL 847245, at *1; *Cmty. Legal Servs. in E. Palo Alto v. HHS*, No. 25-cv-02847, 2026 WL 2271738, at *2 (N.D. Cal. Aug. 6, 2026). This Court should do the same to ensure Defendants' compliance with the preliminary injunction.

**CONCLUSION**

For the foregoing reasons, and because the Final Rule is set for publication on August 26, *see* Dkt. No. 188 at 1, Plaintiffs respectfully request that the Court require Defendants to file any opposition to this motion by 11:59 p.m. EDT on August 25, 2026, and the Court grant Plaintiffs' motion to enforce and order the requested relief.

Dated: August 22, 2026

Respectfully submitted,

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
Theresa J. Lee*
Davin Rosborough*
Ethan Herenstein*
Jonathan Topaz*
Ming Cheung*
William Hughes*
Clayton Pierce*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
tlee@aclu.org
drosborough@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
mcheung@aclu.org
whughes@aclu.org
cpierce@aclu.org

Sarah Brannon*
Adriel I. Cepeda Derieux*

Jessie J. Rossman (BBO #670685)
Suzanne Schlossberg (BBO #703914)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Eliza Sweren-Becker*
Wendy Weiser*
Andrew B. Garber*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sweren-beckere@brennan.law.nyu.edu
weiserw@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu

Justin Lam*

BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 249-7190
lamju@brennan.law.nyu.edu

Niyati Shah*
Noah Baron*
Ejaz Baluch, Jr.*
ASIAN AMERICANS ADVANCING JUSTICE-AAJC
1620 L Street NW, Suite 1050
Washington, DC 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
ebaluch@advancingjustice-aajc.org

Miranda Galindo*
Latino Justice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20001
(202) 457-0800
sbrannon@aclu.org
acepedaderieux@aclu.org

Leah C. Aden*
Brenda Wright*
John S. Cusick*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
bwright@naacpldf.org
jcusick@naacpldf.org

I. Sara Rohani*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
srohani@naacpldf.org

**Admitted pro hac vice*

*Counsel for Plaintiffs League of Women Voters of Massachusetts, League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters of the United States, League of Women Voters Education Fund, Association of Americans Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2026, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

August 22, 2026

/s/ *Sophia Lin Lakin*
Sophia Lin Lakin