**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-11549-IT |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN DEFENDANTS' TIME TO RESPOND TO MOTION TO ENFORCE**

Yesterday evening, on Saturday, August 22, 2026, Plaintiffs in the above-captioned matter (but not Plaintiffs in the related *California* matter) filed what they captioned as an "Emergency Motion to Enforce Preliminary Injunction and for Expedited Briefing." ECF No. 189. Defendants are currently preparing a substantive response, which will explain that Defendants have not violated any court order. In short, that is because the Final Rule recently published by the United States Postal Service makes clear that it will have no effect whatsoever on the rules for sending ballots through the U.S. mail for the November 3, 2026 elections unless and until the government obtains relief from all outstanding court orders—both in this case, and in *California*. *See* Final Rule, ECF No. 191-1 ("Given injunctions currently in place in *State of California v. Trump*, No. 26-cv-11581 (D. Mass. June 25, 2026), and *League of Women Voters of Massachusetts v. Trump*, No. 26-cv-11549 (D. Mass. Aug. 11, 2026), the Postal Service will not take actions to implement the rule specifically for the 2026 election unless and until the government obtains relief from those injunctions."); *see also* Notice (Aug. 21, 2026), ECF No. 188 ("The final rule will likewise impose no new regulatory obligations with respect to any election to be held on or before November 3, 2026 unless and until the government obtains relief from both of those orders."). For this reason,

and other reasons that will be explained in greater detail in Defendants' forthcoming opposition to Plaintiffs' motion to enforce, there is neither any emergency, nor any violation of any court order.

Plaintiffs' motion nonetheless requests "that the Court order Defendants to file any opposition to [their] Motion by 11:59 pm ET on Tuesday, August 25, 2026." ECF No. 189. Although Defendants are willing to file their opposition faster than the 14-day default time provided for in Local Rule 7.1(b)(2), two business days is an unnecessarily short period of time to prepare and file a response to the remarkable accusation that the United States is violating a court order. And undersigned counsel is currently facing other time-sensitive litigation deadlines, including a significant brief due tomorrow, August 24, 2026. Accordingly, Defendants oppose Plaintiffs' request that their deadline to respond be accelerated. Should the Court wish to order an expedited response, however, Defendants respectfully submit that a deadline of 11:59 pm ET on Thursday, August 27, 2026, would be more reasonable under the circumstances.

Dated: August 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI
Chief Litigation Counsel (FL Bar 1041279)
ESAM K. AL-SHAREFFI
Trial Attorney (D.C. Bar 90010174)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-8576
E-mail: stephen.pezzi@usdoj.gov

*Counsel for the United States*