**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

Defendants.

Case No. 1:26-cv-11549-IT

**DEFENDANTS' EMERGENCY MOTION TO RECONSIDER PRELIMINARY-INJUNCTION (OR, IN THE ALTERNATIVE, FOR A STAY PENDING APPEAL)**

Federal Defendants respectfully request that this Court immediately reconsider and vacate its preliminary-injunction order, ECF No. 183, due to intervening and directly controlling authority from the Supreme Court of the United States. *See Trump v. California*, No. 26A124 (Aug. 24, 2026) (per curiam) (Attached as Exhibit A). As explained below, the Supreme Court's order leaves no room for any further dispute: this Court lacked jurisdiction to issue the preliminary-injunction in this case, just as it lacked jurisdiction to enter summary judgment in the *California* case, because there is no justiciable controversy over a proposed rule until it is actually finalized by an agency. In the alternative, Defendants respectfully request a stay pending appeal of that order.

To avoid further irreparable harm to the United States, Defendants respectfully request a ruling on this motion on or before 5:30 PM Eastern Time on August 25, 2026. The Supreme Court's order makes clear that a jurisdictionally void injunction that interferes with the Postal Service's efforts to implement a Final Rule for the upcoming elections imposes serious irreparable harm. And the Supreme Court has repeatedly instructed that district courts must follow its interim orders in similar cases—which applies *a fortiori* to a published opinion in a consolidated case. Absent relief by that time, the Solicitor General of the United States has authorized the filing of a motion for a stay pending appeal with the United States Court of Appeals for the First Circuit.

## I. The Supreme Court's opinion in *California*

Earlier today, the Supreme Court granted the government's motion for a stay pending appeal in *Trump v. California*. *See* Ex. A. As this Court is aware, that case is consolidated with this one, before this Court, because it raises substantially overlapping issues. *See* Order Consolidating Cases, ECF No. 57. That case, like this one, presents a challenge to Section 3 of Executive Order 14,399. And in that case, like this one, Defendants had argued that Plaintiffs' suit was premature, and should be dismissed on grounds of both standing and ripeness. In *California*, the Supreme Court accepted those arguments as applied to challenges to Section 3 of the Executive Order 14,399, and held that the *California* suit was not justiciable under Article III. It explained its reasoning in a 10-page per curiam opinion.

As the Supreme Court explained, "Section 3 orders the Postal Service to initiate the process of proposing a rule that might bind the States in the future. It is not a proposed rule, let alone a final rule. And it imposes no legal requirements on the States (or, for that matter, on anyone outside the Executive Branch)." Ex. A at 7. The Supreme Court likewise explained that Plaintiffs' theory of standing "necessarily rests on an 'attenuated chain of inferences.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414–15 n.5 (2013)). And the Supreme Court described the order in *California* as "a decision 'dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Ex. A at 8 (quoting *Trump v. New York*, 592 U.S. 125, 131 (2020)). Ultimately, the Court reaffirmed that "[f]ederal courts review final rules, not proposed rules—and certainly not antecedent internal directives to propose a rule." *Id.*

The Supreme Court also concluded that "[t]he remaining stay factors also favor relief," and that "[t]he Government is likely to suffer irreparable harm without a stay." *Id.* at 9. In particular, "[b]ecause reversal of the District Court's judgment would come too late for the 2026 midterms, the District Court's errors deal a serious setback to the Executive's goals while this litigation unfolds," and because the injunction "improperly intrudes on a coordinate branch in this way, interim relief is justified." *Id.* (quotation marks omitted).

## II. The Court should immediately reconsider and vacate its preliminary-injunction order in light of the Supreme Court's order in *California*.

A federal district court has authority "to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (first citing *Bethlehem Steel Export Corp. v. Redondo Constr. Corp.*, 140 F.3d 319, 321 (1st Cir. 1998); and then citing *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment."); *accord In re Moveit Customer Data Sec. Breach Litig.*, 2026 WL 25564, at *1 (D. Mass. Jan. 5, 2026). Indeed, the First Circuit "encourage[s]" district courts "to do so where error is apparent." *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008). For example, district courts have granted this sort of relief "when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis*, 89 F. Supp. 2d at 147.

This is a textbook case for reconsideration. Whether conceived of as "an intervening change in the law" or as "a clear error of law in the first order," *Davis*, 89 F. Supp. 2d at 147, this Court's preliminary-injunction order in this case cannot stand after *California*. The standing and ripeness analyses in *California*, as summarized above, apply directly to the preliminary-injunction order in this case. The Supreme Court has squarely held that a district court "errs when it refuses to a modify an injunction" in light of "a significant change . . . in law," *Agostini v. Felton*, 521 U.S. 203, 215 (1997), and an intervening Supreme Court order holding that the injunction exceeded this Court's jurisdiction is as significant a change in law as one could imagine.

In *California*, the Supreme Court squarely held that "[f]ederal courts review final rules, not proposed rules—and certainly not antecedent internal directives to propose a rule." Ex. A. at 8. That holding applies with full force to this case, because it applies without regard to who the plaintiffs are or what their purported injuries are. No matter what distinctions the Plaintiffs in this case

may try to manufacture to try to evade the straightforward consequences of the Supreme Court's ruling, the quoted sentence plainly bars the injunction that this Court entered in this case.

The conflict with *California* goes deeper still. The Supreme Court's disagreement with this Court's first injunction against Section 3 of the Executive Order based on an "attenuated chain of inferences" about "antecedent internal directives to propose a rule" applies equally to this Court's second injunction against Section 3 of the Executive Order. Ex. A at 7, 8. To the extent there are differences between the standing theories advanced in this case and the standing theories rejected in *California*, Plaintiffs' theory here is even *weaker*—unlike the *California* Plaintiffs, the Plaintiff organizations and their members here never alleged that they faced any direct regulatory burdens from the Postal Service, in the way that the Plaintiff States did in *California*. There is thus no basis for distinguishing the order in *California* from the preliminary injunction here.

Based on their prior filings in this case, Plaintiffs may attempt to argue that the Postal Service's Final Rule is facially unlawful and that this Court should maintain the injunction for that reason. But that approach would be directly contrary to the Supreme Court's order and basic principles of jurisdiction. Because it is now clear that this Court lacked jurisdiction to issue the preliminary injunction in this case, it must be vacated immediately. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Of course, if plaintiffs want to challenge the Final Rule directly, they can amend their complaint and seek any relief that they think they are entitled to. What they cannot do is leverage a jurisdictionally void injunction against a Final Rule that they have never challenged and that neither this Court (nor any court) has ever held is unlawful. After all, this Court did not (and could not have) adjudicated the validity of a rule that did not exist at the time, as the Supreme Court's opinion in *California* has now made clear.

## III. In the alternative, the Court should stay its order pending appeal.

Defendants respectfully submit that the intervening decision in *California* straightforwardly justifies reconsideration and vacatur of this Court's preliminary-injunction order in this case. If the Court disagrees, however, or does not provide relief by 5:30 PM Eastern Time on August 25, 2026, the Solicitor General of the United States has authorized an appeal, and the filing

of a motion for a stay pending appeal with the United States Court of Appeals for the First Circuit. Accordingly, if necessary, in the alternative, Defendants respectfully request a stay of the preliminary-injunction order pending appeal. Because that stay request is governed by the same factors just addressed by the Supreme Court in *California*, there is likewise no sound basis for denial of that request here. *Cf. Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) ("Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases."); *see also NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2664 (2025) (Gorsuch, J., concurring) ("[R]egardless of a decision's procedural posture, its reasoning—its *ratio decidendi*—carries precedential weight in future cases.").

In short, the United States will continue "to suffer irreparable harm" from this Court's order in this case "without a stay." Ex. A at 8. And the government is likely—indeed, it is certain—to succeed on the merits of its appeal, now that the Supreme Court has resolved identical questions of standing and ripeness in the government's favor in *California*. And Plaintiffs in this case (like the Plaintiffs in *California*) will suffer no legally cognizable harm in the interim, as the Executive Order "makes no demand" of them, Ex. A at 10, and indeed "neither requires nor forbids anything of anyone outside the Executive Branch," including these Plaintiffs, *id.* at 2. Ultimately, "[i]f the Postal Service's final rule harms [Plaintiffs], they may challenge that rule." *Id.* at 8.

## **CONCLUSION**

For these reasons, the Court should immediately reconsider and vacate its preliminary-injunction order in light of the Supreme Court's order in *California*. In the alternative, the Court should stay that order pending appeal. In all events, Defendants respectfully request a ruling no later than 5:30 PM Eastern Time on August 25, 2026.

Dated: August 24, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI
Chief Litigation Counsel (FL Bar 1041279)
ESAM K. AL-SHAREFFI
Trial Attorney (D.C. Bar 90010174)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 305-8576
E-mail: stephen.pezzi@usdoj.gov

*Counsel for the United States*

**Local Rule 7.1 Certification**

I hereby certify that counsel for the Federal Defendants conferred with counsel for Plaintiffs and counsel for Intervenor-Defendants prior to the filing of this motion, pursuant to Local Rule 7.1(a)(2). The parties were unable to resolve or narrow the issues for review. Plaintiffs oppose this motion. Intervenor-Defendants agree with this motion.

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI