**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al*.,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-11549-IT |

**MEMORANDUM IN OPPOSITION TO USPS DEFENDANTS' EMERGENCY MOTION TO RECONSIDER PRELIMINARY INJUNCTION**

## INTRODUCTION

This Court preliminarily enjoined the USPS Defendants on August 11, 2026, from implementing Section 3 of the Executive Order concerning mail voting. Dkt. No. 183. The USPS Defendants did nothing for two weeks—even as their co-defendants filed a notice of appeal. Dkt. No. 185. Then, late last night, after the Supreme Court stayed an injunction in *California v. Trump*, No. 26A124, 2026 WL 2473573 (U.S. Aug. 24, 2026), the USPS Defendants rushed to this Court and demanded that it reconsider or stay its injunction in this case by 5:30 p.m. today, threatening an immediate trip to the First Circuit if this Court did not comply. Lost in that haste are the rules of federal procedure that govern—and foreclose—the relief they seek on the timetable they demand.

First, this Court lacks jurisdiction to grant the USPS Defendants' stay pending appeal because there is no appeal currently pending. USPS Defendants never appealed and while Intervenor-Defendants did file a notice of appeal, the instant motion divests the First Circuit of jurisdiction over that appeal. It is "well established that, 'the filing of a Rule 59 motion to alter or amend a district court's judgment strips the appellate court of jurisdiction, whether the Federal Rule of Civil Procedure 59 motion is filed before or after the notice of appeal.'" *Barth v. City of Peabody*, No. 15-cv-13794, 2019 WL 8918791, at *2 (D. Mass. July 24, 2019) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 396-97 (1995)). While Defendants may properly pursue their motion for reconsideration under Rule 59(e) before this Court, they may not then divest this Court of jurisdiction to decide it by appealing a non-decision less than twenty hours after filing.

Second, *California v. Trump* does not conclusively resolve this case. That decision addressed a materially different record and did not consider the critical development that occurred last Friday: The USPS Defendants promulgated a Final Rule, transforming the posture of this case and supplying a final agency action that was not before the Supreme Court. Dkt. No. 188. The

premise of Defendants' motion—that *California* necessarily vitiates this Court's preliminary injunction—therefore does not follow. Moreover, Plaintiffs' injuries differ in kind from how the Supreme Court characterized those of the states; they do not depend solely on a Final Rule and Plaintiffs instead have been facing harm to their central missions and interference with their core work rather than resting on what the Supreme Court considered premature, monetary expenditures.

Finally, out of an abundance of caution, Plaintiffs are filing an unopposed motion for leave to file a supplemental complaint challenging the Final Rule simultaneously with this filing. If granted, Plaintiffs will file their supplemental complaint tomorrow, along with a motion for a temporary restraining order challenging the Final Rule, thereby preserving the Court's ability to provide uninterrupted relief while the parties litigate the consequences of the intervening agency action. Plaintiffs respectfully request that the Court decide Defendants' emergency motion in tandem with Plaintiffs' forthcoming motions. That modest course avoids any gap in protection for Plaintiffs, prevents the confusion and disruption of lifting and then reimposing election rules in short order, permits the Court to consider the parties' current posture on a complete record, and avoids deciding an urgent and consequential question on an artificially compressed deadline, in a motion that seeks a stay pending appeal that the Defendants have not taken.

## ARGUMENT

### I. The USPS Defendants Cannot Obtain a Stay Pending Appeal Because There is No Appeal Pending.

One of the two alternative forms of relief sought by the USPS Defendants is a motion to stay pending appeal. *See* Dkt. No. 196 at 4–5 (Mot.). Such motions are governed, in the District Court, by Federal Rule of Civil Procedure 62(d). That rule provides in relevant part that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms

that secure the opposing party's rights." Fed. R. Civ. P. 62(d). But to seek a stay pending appeal, there must be an appeal pending. By virtue of the instant motion, there is no appeal pending in this case.

In the First Circuit, for jurisdictional purposes, a "motion to reconsider . . . , properly construed, constitute[s] a motion to alter or amend the judgment" under Rule 59(e). *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 62 (1st Cir. 2008); *see also Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (explaining that a "motion for reconsideration should be construed as a motion to alter or amend a judgment under Rule 59(e) where this is relevant for jurisdictional purposes").

A timely Rule 59(e) motion divests the Court of Appeals of any jurisdiction of the appeal until this Court resolves the motion. *See Stone*, 514 U.S. at 402–03. It is "well established that, 'the filing of a Rule 59 motion to alter or amend a district court's judgment strips the appellate court of jurisdiction, whether the Federal Rule of Civil Procedure 59 motion is filed before or after the notice of appeal.'" *Barth* (quoting *Stone*, 514 U.S. at 396–97). This holds true even where only one party pursues Rule 59 relief. In *Colon Berrios v. Hernandez Agosto*, 716 F.2d 85 (1st Cir. 1983), for example, the First Circuit explained that after notices of appeal were filed but only the "the intervenors filed in the district court a timely motion for reconsideration under Rule 59(e)," that "motion renders ineffectual any notice of appeal filed during its pendency and voids any notice filed prior to the filing of the motion." *Id.* at 86.[1]

Moreover, even assuming the Intervenor-Defendants' notice to appeal were still effective, it would not give USPS Defendants a basis for requesting a stay pending appeal. Procedurally, a

[1] Due to amendments to the Federal Rules of Appellate Procedure, any notice filed prior to motion is no longer void but is instead held in abeyance until the Court rules on the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4), Notes of Advisory Committee on Rules, 1993 Amendment.

party's motion for a stay pending appeal fails when it has not "first file[d] a notice of appeal of the order." *Norris v. Stanley*, No. 21-cv-756, 2021 WL 6694208, at *1 (W.D. Mich. Oct. 29, 2021); *see also Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 569 (10th Cir. 1979) (a stay pending appeal "presuppose[s] the existence of a valid appeal"); *Gregory v. Baucum*, No. 16-cv-00103, 2018 WL 10096597, at *1 (N.D. Tex. Feb. 23, 2018); *Tate & Lyle Americas LLC v. Glatt Air Techniques Inc.*, No. 13-cv-2037, 2016 WL 9710008, at *1 (C.D. Ill. Aug. 24, 2016); *United States v. Lemoine*, No. ED CR 03 37 RT, 2006 WL 8451606, at *3 (C.D. Cal. Oct. 20, 2006); *Roe v. United States*, No. 04-cv-00425, 2005 WL 2978611, at *2 (D. Colo. Nov. 7, 2005). Without "a pending appeal, a request for" a stay pending appeal "is premature." *Nikon, Inc. v. Ikon Corp.*, No. 89-cv-6044, 1992 WL 398440, at *3 (S.D.N.Y. Dec. 18, 1992), *aff'd*, 987 F.2d 91 (2d Cir. 1993).

Here, there is no dispute that the USPS Defendants have not filed a notice of appeal of this Court's preliminary injunction. And while the Intervenor States did file a notice of appeal, that appeal has been suspended by the USPS Defendants' motion for reconsideration, and the USPS Defendants cannot assert the rights of other parties with distinct interests in the absence of their own appeal. Therefore, the Court should deny any stay pending appeal as premature.

## II. Defendants' Rule 59(e) Motion Is Properly Before the Court, but Nothing Requires the Court to Rule on It Immediately.

### A. Defendants Cannot Force a Ruling by Threatening an Appeal.

Defendants also ask the Court to "reconsider and vacate" the preliminary injunction under Rule 59(e). Mot. at 3. The Court may properly consider such a motion, but Defendants' ultimatum that "[a]bsent relief by [5:30 PM today], the Solicitor General of the United States has authorized the filing of a motion for a stay pending appeal with the United States Court of Appeals for the First Circuit" has no basis in law. Mot. at 1. The filing of Defendants' Rule 59(e) motion "render[s] the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time

for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)." *Stone*, 514 U.S. 402–03. Because the Court need not be held hostage to a demand for a major ruling on less than a day's notice, it should consider this motion in conjunction with Plaintiffs' forthcoming supplemental complaint and motion for a temporary restraining order. *See infra* Section III.

Nor can Defendants convert the Court's decision not to rule within twenty hours into a constructive denial. Even when there is urgency, "[a] litigant cannot 'simply say they need an expedited ruling and then appeal by claiming effective denial when they do not get it on their preferred timeline.'" *Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, 151 F.4th 221, 229 (5th Cir. 2025) (quoting *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 535 (5th Cir. 2024)). Consistent with that principle, the First Circuit has held that a constructive denial occurred where the "district judge was not available to decide the motion (in part because he was engaged in other judicial duties elsewhere)" within twenty *days* of the filing of a Rule 59(e) motion. *Colon Berrios*, 716 F.2d at 86. Plaintiffs see the need to resolve this matter promptly but deciding this motion within a few days rather than a few hours is appropriate.

**B. The League Plaintiffs' Unique Injuries and the Final Rule Distinguish This Case from *California*.**

Unlike the injuries asserted by the plaintiff states in *California*, Plaintiffs' injuries do not depend solely on the contents of USPS's Final Rule and do not rest on premature, monetary expenditures. *Cf.* 2026 WL 2473573, at *4. This Court has twice held that, regardless of the final outcome of USPS's rulemaking, Plaintiffs have organizational standing, because "the EO has [already] interfered with the Organizations' core business activities of supporting voter education," as well as associational standing, because the EO impacts their members' right to vote. *See* Mem. & Order at 18, Dkt. No. 183 (citing Mem. & Order at 5–12, Dkt. No. 175). Because those harms

immediately materialized in response to the Order's directives, they are not "dependent on 'contingent future events that may not occur as anticipated,'" such as the substance of USPS's rulemaking. *California*, 2026 WL 2473573, at *4 (quoting *Trump v. New York*, 592 U.S. 125, 131 (2020)). In any event, Plaintiffs' case is undoubtedly ripe now that the Final Rule has issued and taken effect as of August 21, 2026.

In *California*, 2026 WL 2473573, at *4, the Supreme Court found that the states' standing allegations and this Court's grant of the states' preliminary injunction motion rested on monetary expenditures that may or may not be incurred depending on the precise contours of USPS's rulemaking. *See also State v. Trump*, No. 26-cv-11581-IT, 2026 WL 1826490, at *8 (D. Mass. June 25, 2026) ("[S]hould the EO's directives go into effect, Plaintiff States will incur compliance costs."). For instance, the states asserted that they "have already purchased mail ballot envelopes for the 2026 federal election cycle that will not be in compliance with the requirements the EO has directed USPS to adopt by rulemaking." *State*, 2026 WL 1826490, at *7. According to the Supreme Court's stay order, that harm would not manifest if the USPS does not in fact adopt the EO's requirements. *See California*, 2026 WL 2473573, at *4.

Here, Plaintiffs are suffering ongoing harms that flow from the uncertain availability of vote-by-mail in this year's elections—uncertainty that is created by the EO and is not dependent on the precise rule that USPS promulgates. For instance, because of the risk to mail voting created by the EO's directives, Plaintiffs had to "stop[] disseminating educational materials regarding mail voting lest they confuse or mislead their members." Order at 7, Dkt. No. 175. In order to not misinform voters about the availability of mail voting this year, Plaintiff LWVMA had no choice but to stop its usual practice of providing materials to high school students to encourage them to vote by mail when they move out of state for college. *Id.* The EO has also "disrupted Plaintiffs'

ongoing voter education" work by sowing "fear and confusion from members and partner organizations" about the availability of mail voting, which has in turn forced Plaintiffs to field inquiries and to devote time addressing those fears and concerns. *Id.* (quoting Pls.' Mem., Dkt. No. 74). Those injuries undermine Plaintiffs' time-sensitive work to prepare for this year's elections and demonstrate that Plaintiffs' ability to assist voters has been "perceptibly impaired," *see FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 395 (2024) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)), which is a wholly different kind of injury than the "monetary expenditures" asserted by the states in *California*. *See State*, 2026 WL 1826490, at *8.

In addition to organizational standing, this Court also found Plaintiffs' members have standing as voters to challenge policies impacting their right to vote—a theory of standing that the Supreme Court did not address at all in *California*. Mem. & Order at 18, Dkt. No. 183; Mem. & Order at 11, Dkt. No. 175. Plaintiffs' membership includes voters who have no choice but to vote by mail, and the EO has burdened them with confusion and uncertainty about their ability to participate in this year's elections. And as this Court found, such a burden confers standing regardless of the voter's ability to ultimately vote despite the challenged policy. Mem. & Order at 11, Dkt. No. 175 (citing *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1351–52 (11th Cir. 2009); *Fish v. Schwab*, 957 F.3d 1105, 1119–20 (10th Cir. 2020)).

Even if Plaintiffs' case were somehow premature at its inception, "ripeness is peculiarly a question of timing," and "it is the situation now . . . that must govern." *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 140 (1974). As the Supreme Court explained in *California*, "[i]f the Postal Service's final rule harms" plaintiffs, "they may challenge that rule." 2026 WL 2473573, at *4. The Final Rule has now issued, confirming the very real prospect that mail ballots will not be delivered to voters this year. To the extent there was any doubt about ripeness, there is none now.

## III. Plaintiffs Will Promptly Bring the Final Rule Before the Court So It Can Consider the Challenge Alongside Defendants' Motion.

Out of an abundance of caution, Plaintiffs are filing, simultaneously with this submission, an unopposed motion for leave to file a supplemental complaint. If granted, Plaintiffs intend to file this supplemental complaint, together with a motion for a temporary restraining order challenging the Final Rule tomorrow. That filing will put the Final Rule squarely before the Court. Accordingly, even if the Court concludes that *California* calls the existing preliminary injunction into question, it should exercise its discretion to address Plaintiffs' forthcoming challenge to the Final Rule before dissolving the existing injunction, which will minimize confusion to voters and disruption to the status quo.

District courts have broad authority to determine the order in which they resolve matters before them. The Supreme Court has recognized that district courts have inherent authority to "manage its docket and courtroom with a view toward the efficient and expedient resolution of case. . . ." *Dietz v. Bouldin*, 579 U.S. 40, 41 (2016); *see also Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 8–9 (1st Cir. 2023) ("[D]istrict courts are endowed with sweeping case-management authority."). That authority includes determining the "order in which to hear and decide pending issues." *United States v. Columb*, 419 F.3d 292, 299 (5th Cir. 2005).

Nor would the USPS Defendants' threatened interlocutory appeal prevent the Court from considering the Final Rule. An appeal divests the district court of jurisdiction only over the "aspects of the case involved in the appeal." *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987) (quoting *Griggs*, 459 U.S. at 58). But that rule does not prevent the District Court from addressing matters outside the substance of the appeal. *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (The District Court may enter orders "that concern matters unrelated to the 'substance of the decision' being appealed" (quoting Wright & Miller, Fed. Practice &

Procedure § 3949.1, at 59 (4th ed. 2008))); *see also United States v. Chicago*, 534 F.2d 708, 711 (7th Cir. 1976) ("[a]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case"). Here, Defendants' appeal would concern whether the existing preliminary injunction against Section 3 of the Order should remain in force. Plaintiffs' forthcoming temporary restraining order, by contrast, will seek relief against the subsequently promulgated Final Rule—agency action that did not exist when the Court entered the preliminary injunction and that is not the subject of the appeal. The Court therefore retains jurisdiction to adjudicate Plaintiffs' forthcoming challenge to the Final Rule and the interim relief they seek.

The Court should exercise that authority here. The Court has already correctly determined that Section 3 of the Executive Order is unconstitutional. Dkt. No. 183 at 21. Nothing in *California* calls that determination into question. To the contrary, the Supreme Court expressly declined to address on the merits of the Executive Order or "any measure taken by the Government to implement" it. *California*, 2026 WL 2473573, at *5. The Final Rule is precisely such an implementing measure. It does not eliminate the constitutional defect this Court has already identified; it gives that policy operative effect. *See Panama Refining Co. v. Ryan*, 293 U.S. 388, 433 (1935) (holding that both Executive Orders and "the Regulations issued by the Secretary of the Interior thereunder" lacked constitutional authority).

The need for an orderly transition is particularly acute because the Court has already emphasized the importance of preserving the status quo as the November elections approach. Dkt. No. 183 at 2. That concern has not diminished. If anything, the imminent implementation of the Final Rule makes it more pressing. Dissolving the existing injunction now would expose Plaintiffs and their members, as well as voters and election administrators, to an immediate change in the

governing rules, only to require Plaintiffs to seek essentially the same interim protection again once the Final Rule is formally before the Court. That would create precisely the election-law whipsaw the Court sought to avoid by preserving the status quo: rules governing the upcoming elections would take effect, then be enjoined again, as the election approaches. The Court can avoid that disruption with a straightforward exercise of its case-management authority: defer ruling on the USPS Defendants' motion to reconsider until Plaintiffs have filed their supplemental complaint and temporary restraining order motion (which, pending the Court's order granting leave to file the supplemental complaint, will be filed tomorrow) and then consider the parties' competing requests for interim relief together.

**CONCLUSION**

For the foregoing reasons, the Court should reject Defendants' motion to stay as premature, and rule on their Rule 59(e) motion in tandem with Plaintiffs' forthcoming motion for temporary restraining order based on its forthcoming supplemental complaint.

Dated: August 25, 2026

Respectfully submitted,

*<u>/s/ Sophia Lin Lakin</u>*_

Jessie J. Rossman (BBO #670685)
Suzanne Schlossberg (BBO #703914)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Eliza Sweren-Becker*
Wendy Weiser*
Andrew B. Garber*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310

Sophia Lin Lakin*
Theresa J. Lee*
Davin Rosborough*
Ethan Herenstein*
Jonathan Topaz*
Ming Cheung*
William Hughes*
Clayton Pierce*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
tlee@aclu.org
drosborough@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org

sweren-beckere@brennan.law.nyu.edu
weiserw@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu

Justin Lam*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 249-7190
lamju@brennan.law.nyu.edu

Niyati Shah*
Noah Baron*
Ejaz Baluch, Jr.*
ASIAN AMERICANS ADVANCING JUSTICE-AAJC
1620 L Street NW, Suite 1050
Washington, DC 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
ebaluch@advancingjustice-aajc.org

Miranda Galindo*
Latino Justice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org

mcheung@aclu.org
whughes@aclu.org
cpierce@aclu.org

Sarah Brannon*
Adriel I. Cepeda Derieux*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20001
(202) 457-0800
sbrannon@aclu.org
acepedaderieux@aclu.org

Leah C. Aden*
Brenda Wright*
John S. Cusick*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
bwright@naacpldf.org
jcusick@naacpldf.org

I. Sara Rohani*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
srohani@naacpldf.org

**Admitted pro hac vice*

*Counsel for Plaintiffs League of Women Voters of Massachusetts, League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters of the United States, League of Women Voters Education Fund, Association of Americans Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

August 25, 2026

/s/ *Sophia Lin Lakin*
Sophia Lin Lakin