**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Defendants*.

Case No. 1:26-cv-11549-IT

**PLAINTIFFS' ASSENTED-TO MOTION FOR**
**LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs League of Women Voters of Massachusetts, League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters of the United States, League of Women Voters Education Fund, Association of Americans Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Inc., respectfully move for leave to file a supplemental complaint on Wednesday, August 26, 2026. Defendants and Defendant-Intervenors assent to this motion.

President Trump issued Executive Order 14,399 on March 31, 2026. 91 Fed. Reg. 17,125 (Mar. 31, 2026). Section 3 of the Executive Order directs the Postmaster General "to initiate a proposed rulemaking pursuant to 39 U.S.C. [§] 401 and other applicable authority within 60 days of the date of this order," Order § 3(b), and details requirements that the rule "shall include, at minimum." *Id*. The Order directs that the USPS final rule "shall be issued no later than 120 days from the date of this order." *Id*. § 3(d). On April 2, 2026, Plaintiffs filed this suit, challenging the constitutionality and lawfulness of the Executive Order. *See* Compl. ¶¶ 120–205, Dkt. No. 1. On May 29, 2026, Defendants provided notice of proposed rule making, to implement Section 3 of

the Executive Order. Dkt. No. 149. In the evening of Friday, August 21, 2026, USPS issued a final rule—identical in all material respects to the proposed rulemaking that this Court previously enjoined. Notice, Dkt. No. 188. The Final Rule (Ballot Mail for Federal Elections, 2026-17238), states that it is "[e]ffective August 21, 2026," Dkt. No. 191-1 at 2, and is slated for formal publication on August 26, 2026, Dkt. No. 188. As contemplated by Defendants in previous filings, Plaintiffs now seek leave to file a supplemental complaint to address the issuance of the Final Rule, including the addition of allegations and causes of action concerning the Final Rule. *Cf.* Dkt. No. 196 at 4 ("[I]f plaintiffs want to challenge the Final Rule directly, they can amend their complaint and seek any relief that they think they are entitled to."); Dkt. No. 197 at 1–2 ("If Plaintiffs wish to challenge the Final Rule, they can amend their complaint and do so[.]").[1]

Rule 15(d) "affords litigants a pathway for pleading 'any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015) (quoting Fed. R. Civ. P. 15(d)). "[A]lthough causes of action accruing after the institution of a lawsuit usually can be filed as separate actions, supplementation under Rule 15(d) is often a more efficient mechanism for litigating such claims." *Id.* In this way, Rule 15(d) promotes "as complete an adjudication of the dispute between the parties as is possible." 6A Wright et al., Federal Practice and Procedure § 1504, at 245 (3d ed. 2010). And "supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial

[1] Supplementing the complaint is more appropriate than amendment, as Plaintiffs seek to reflect developments since filing. *See* 6A Wright et al., Federal Practice and Procedure § 1504, at 254–55 (3d ed. 2010) ("Amended and supplemental pleadings differ in two respects. The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings.").

inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Gadbois*, 809 F.3d at 4 (quoting 6A Wright et al., Federal Practice and Procedure § 1504, at 258–59).

Permitting a supplemental complaint is appropriate here, where the Final Rule was issued after Plaintiffs' original complaint, the supplementation will not cause undue delay and will not prejudice the rights of any of the other parties to the action, and most notably because Defendants have assented to the motion.

To facilitate the expeditious resolution of the lawfulness of the Final Rule, Plaintiffs offer that they will be prepared to file a supplemental complaint on Wednesday, August 26, 2026.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Sophia Lin Lakin*
Sophia Lin Lakin*
Theresa J. Lee*
Davin Rosborough*
Ethan Herenstein*
Jonathan Topaz*
Ming Cheung*
William Hughes*
Clayton Pierce*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
tlee@aclu.org
drosborough@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
mcheung@aclu.org
whughes@aclu.org
cpierce@aclu.org

Sarah Brannon*
Adriel I. Cepeda Derieux*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Jessie J. Rossman (BBO #670685)
Suzanne Schlossberg (BBO #703914)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Eliza Sweren-Becker*
Wendy Weiser*
Andrew B. Garber*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sweren-beckere@brennan.law.nyu.edu
weiserw@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu

Justin Lam*
BRENNAN CENTER FOR JUSTICE AT NYU
SCHOOL OF LAW
777 6th St. NW, Ste. 1100
Washington, DC 20001

(202) 249-7190
lamju@brennan.law.nyu.edu

Leah C. Aden*
Brenda Wright*
John S. Cusick*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
bwright@naacpldf.org
jcusick@naacpldf.org

I. Sara Rohani*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
srohani@naacpldf.org

915 15th St. NW
Washington, DC 20001
(202) 457-0800
sbrannon@aclu.org
acepedaderieux@aclu.org

Niyati Shah*
Noah Baron*
Ejaz Baluch, Jr.*
ASIAN AMERICANS ADVANCING
JUSTICE-AAJC
1620 L Street NW, Suite 1050
Washington, DC 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
ebaluch@advancingjustice-aajc.org

Miranda Galindo*
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org

*Admitted pro hac vice*

*Counsel for Plaintiffs League of Women Voters of Massachusetts, League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters of the United States, League of Women Voters Education Fund, Association of Americans Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Inc.*

**STATEMENT PURSUANT TO RULE 7.1(a)(2)**

Local Rule 7.1(a)(2) provides: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiffs have conferred with Defendants and Defendant-Intervenors about this Motion, who have indicated that they assent to the filing of a supplemental complaint.

*/s/Sophia Lin Lakin*
Sophia Lin Lakin

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026 true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

August 25, 2026

*/s/Sophia Lin Lakin*
Sophia Lin Lakin

*Counsel for Plaintiffs*