UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OF MASSACHUSETTS, et al., | * | |
| Plaintiffs, | * | |
| v. | * | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | * | Civil Action No. 1:26-cv-11549-IT |
| Defendants, | * | |
| and | * | |
| STATE OF MISSOURI, et al., | * | |
| Intervenor-Defendants. | * | |

MEMORANDUM & ORDER

August 25, 2026

TALWANI, D.J.

Pending before the court is Plaintiffs' Emergency Motion to Enforce Preliminary Injunction [Doc. No. 189].[1]

## I. Defendants Have Violated the Preliminary Injunction

The nationwide preliminary injunction entered in this case prohibited the United States Postal Service ("USPS"), Postmaster General, Deputy Postmaster General, Chair, and members of the USPS Board of Governors (collectively, the "USPS Defendants") "from implementing,

[1] Also pending is Defendants' Emergency Motion to Reconsider Preliminary Injunction (or, in the Alternative, for a Stay Pending Appeal) [Doc. No. 196], filed at 10:08 p.m. last night. Plaintiffs have notified the court that they will be filing an opposition by 2:30 p.m. today. Notice [Doc. No. 198]. The court will address Defendants' Emergency Motion [Doc. No. 196] by separate order.

giving effect to, or enforcing Section 3 of Executive Order No. 14399 [('the EO')], with respect to the November 3, 2026 or any earlier federal election, including refusing to transmit mail-in or absentee ballots; or otherwise initiating or completing rulemaking to promulgate the specific regulations outlined in Section 3(b)(i)-(v) or (d) of the EO for the November 3, 2026 or any earlier election." Mem. & Order 27 [Doc. No. 183] (emphasis added).

Defendants did not seek a stay of the injunction in this case and have not yet filed an appeal. Nonetheless, on Friday evening, August 21, 2026, Defendant USPS completed rule making by sending a Final Rule [Doc. No. 191-1] implementing Section 3 of the EO to the Office of the Federal Register, with an immediate effective date of August 21, 2026, and a date for publication in the Federal Register of August 26, 2026. See USPS, Ballot Mail for Federal Elections (Aug. 21, 2026) (accessible at https://public-inspection.federalregister.gov/2026-17238.pdf).

The Final Rule gives a nod to the ongoing litigation, noting that "[g]iven injunctions currently in place in State of California v. Trump, No. 26-cv-11581 (D. Mass. June 25, 2026),[2] and League of Women Voters of Massachusetts v. Trump, No. 26-cv-11549 (D. Mass. Aug. 11, 2026), the Postal Service will not take actions to implement the rule specifically for the 2026 election unless and until the government obtains relief from those injunctions." Final Rule 2 [Doc. No. 191-1]. Based on this language, Defendant-Intervenors argue that USPS Defendants did not violate the injunction because "the final rule itself makes clear that it will not be enforced with respect to the 2026 general election—unless this Court's two preliminary injunctions are

[2] See California v. Trump, No. 1:26-cv-11581, __ F. Supp. 3d __, 2026 WL 182640 (D. Mass. June 25, 2026), appeal pending, No. 26-1774 (1st Cir. 2026). On August 24, 2026, after the Final Rule was issued, the United States Supreme Court granted a stay of that injunction. Trump v. California, No. 26A124, 609 U.S. __, 2026 WL 2473573, at *4 (Aug. 24, 2026).

lifted." Intervenors' Opp'n 1 [Doc. No. 195]. Similarly, Defendants contend that they did not violate the injunction where the Final Rule states that "the Postal Service will not take actions to implement the rule specifically for the 2026 election unless and until the government obtains relief from those injunctions." Defs.' Opp'n 5 [Doc. No. 197] (quoting Final Rule 3 [Doc. No. 191-1]).

These arguments ignore the court's explicit directive not to "initiat[e] or complet[e]" rulemaking. Mem. & Order 27 [Doc. No. 183]. And Defendants cannot contend that they misunderstood the scope of the court's order. To the contrary, Defendants feigned complete compliance with the California v. Trump injunction in their July 27, 2026 request to the Supreme Court for an emergency stay in that case. There, Defendants lamented the passing of "every day that the agencies are unable to take steps to carry out the Executive Order as to the November 2026 election[.]"[3] See Appl. for Stay 28, Trump v. California, No. 26A124 (U.S. July 27, 2026).

Accordingly, despite the Defendants' protestations that "[t]he United States takes its obligation to comply with court orders very seriously," see Defs.' Opp'n 6 [Doc. No. 197], the court finds that Defendants violated the preliminary injunction in this case.

## II. The Appropriate Relief

Plaintiffs seek as a remedy for the violation of the preliminary injunction that the court order "that the Final Rule issued by the United States Postal Service (USPS), titled 'Ballot Mail for Federal Elections,' has no force or effect with respect to any federal election on or before November 3, 2026" and direct the USPS Defendants "to take no implementation or preparatory

[3] The Supreme Court accepted the government's feigned compliance, finding a likelihood of irreparable harm where the injunction "prevents the Postal Service from so much as initiating a rulemaking that could yield a rule applicable to these States." Trump v. California, No. 26A124, 609 U.S. __, 2026 WL 2473573, at *4 (Aug. 24, 2026).

steps that would change the status quo for any covered election[.]" Proposed Order [Doc. No. 189-1]. [4]

Defendants argue that these requests "would essentially confirm the current status quo—which all parties already agree upon, and which the Final Rule already provides." Defs.' Opp'n. 10 [Doc. No. 197]. Defendants continue that "[b]ecause the Court's order in this case formally remains in effect (at least, as of this filing), it is already the case that 'the Final Rule issued by the United States Postal Service (USPS), titled "Ballot Mail For Federal Elections," has no force or effect with respect to any federal election on or before November 3, 2026.'" Id. The court finds that the relief requested by the Plaintiffs will not remedy the past violation and agrees with Defendants that Plaintiffs' proposed further order does not change the current landscape.

Defendants also assert that Plaintiffs are not without remedy because "they can simply amend their complaint," and that Defendants "would consent to the filing of an amended complaint, to allow Plaintiffs to challenge the Final Rule directly." Id. at 15–16. The court understands from prior filings that Plaintiffs are not challenging the Final Rule, but the EO itself. Specifically, Plaintiffs claim the executive branch lacks authority to regulate elections, and thus may not direct USPS to promulgate a rule concerning mail-in ballots, where authority over elections rests with Congress and the States, and not the President. Pls.' Mem. ISO Prelim. Inj. 9–13 [Doc. No. 171]. But Defendants' violation of the court's order may ultimately inure to Plaintiffs' benefit, where, now that a Final Rule has issued despite the pendency of the injunction, Plaintiffs could choose to file an amended complaint reasserting their current, non-APA claims, but noting that the issuance of a Final Rule is no longer hypothetical.

---

[4] Plaintiffs also request the filing of weekly compliance updates. Id.

## III. Conclusion

For the foregoing reasons, the court finds that Defendants violated the court's Preliminary Injunction but imposes no remedy other than identifying the violation.

IT IS SO ORDERED.

August 25, 2026

/s/ Indira Talwani
United States District Judge