**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

Defendants.

Case No. 1:26-cv-11549-IT

**DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO RECONSIDER PRELIMINARY-INJUNCTION**
**(OR, IN THE ALTERNATIVE, FOR A STAY PENDING APPEAL)**

Federal Defendants respectfully reiterate their request that this Court immediately reconsider and vacate (or in the alternative, stay pending appeal) its preliminary-injunction order, ECF No. 183, due to intervening and directly controlling authority from the Supreme Court of the United States. *See Trump v. California*, No. 26A124 (Aug. 24, 2026) (per curiam).

Plaintiffs' opposition brief, *see* ECF No. 199, is without merit.

Plaintiffs attempt to distinguish this case from *California*. But the Supreme Court's order in *California* elucidated bedrock standing and ripeness doctrine, holding that "[f]ederal courts review final rules, not proposed rules—and certainly not antecedent internal directives to propose a rule." *California* at *8. That fundamental holding, whereby the Supreme Court has unequivocally rejected the challenge to Section 3 of the Executive Order itself, the "antecedent internal directive[] to propose a rule," applies with equal force in this case. *Id.* Plaintiffs fail to address this critical Supreme Court language in their brief.

Plaintiffs also contend that last week's issuance of the Postal Service's Final Rule cures any Article III standing defect. But the Supreme Court reaffirmed that standing is assessed "[a]t the time this suit was filed—the time when standing is measured." *Id.* at *7. Moreover, the Supreme Court was aware that the Final Rule was made available for public inspection. *See* Second Supp. Br. in Support of App. For Stay, *Trump v. California*, No. 26A124 (U.S. Aug. 24, 2026) at 1 ("Applicants submit this supplemental brief to inform the Court about recent developments related to the pending stay application in this matter—namely the promulgation of a final rule by the United States Postal Service."). Because the Court lacked jurisdiction when it entered the injunction, the injunction must be vacated. If Plaintiffs wish to challenge the Postal Service's Final Rule, they must amend or supplement their complaint and seek relief accordingly.

In any event, given that Federal Defendants' motion is fully briefed and given the clarity of the Supreme Court's *California* opinion, prompt disposition of the instant motion is needed to prevent further irreparable harm to the Government. To potentially avoid protracted appellate litigation, conserve judicial and party resources, and obtain prompt relief, Defendants respectfully request that a ruling issue no later than 5:30 PM Eastern Time on August 26, 2026.

Dated: August 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ Esam K. Al-Shareffi
STEPHEN M. PEZZI
Chief Litigation Counsel (FL Bar 1041279)
ESAM K. AL-SHAREFFI
Trial Attorney (D.C. Bar 90010174)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 598-7367
E-mail: esam.k.al-shareffi@usdoj.gov

*Counsel for the United States*