UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OF MASSACHUSETTS, et al., Plaintiffs, v. DONALD J. TRUMP, in his official capacity as President of the United States, et al., Defendants, and STATE OF MISSOURI, et al., Intervenor-Defendants. | * | Civil Action No. 1:26-cv-11549-IT |

MEMORANDUM & ORDER

August 26, 2026

TALWANI, D.J.

Pending before the court is Defendants' Motion to Reconsider [Doc. No. 196] this court's order preliminarily enjoining implementation of Section 3 of President Donald J. Trump's Executive Order, Ensuring Citizenship Verification and Integrity in Federal Elections, Exec. Order No. 14399, 91 Fed. Reg. 17125 (2026) (the "EO"), as to elections occurring before or on November 3, 2026, see Mem. & Order [Doc. No. 183], in light of the United States Supreme Court's *per curiam* order issued on an emergency stay application in a case brought by a different group of plaintiffs but challenging the same EO, Trump v. California, No. 26A124, 609 U.S. __, 2026 WL 2473573 (Aug. 24, 2026) (per curiam).

For the reasons set forth below, while Plaintiff Organizations[1] have substantial arguments that might persuade the Supreme Court to reach a different result if Plaintiff Organizations have an opportunity to present them, this court is compelled by the Supreme Court's ruling to grant Defendants' Motion to Reconsider [Doc. No. 196] and vacate the preliminary injunction obtained by the Plaintiff Organizations. This order is without prejudice to Plaintiff Organizations filing a new motion for a preliminary injunction after filing their anticipated Amended Complaint. See Elec. Order [Doc. No. 202]; Assented to Mot. for Leave to File a Suppl. Compl. [Doc. No. 200].

## I. Relevant Background

The court assumes familiarity with the background of this case and others regarding President Trump's efforts to change the rules of American elections, with particular focus on the 2026 midterms. See Mem. & Order 7–16 [Doc. No. 183]; California v. Trump, No. 1:26-cv-11581, 2026 WL 1826490, at **4–5 nn.6–7 (D. Mass. June 25, 2026) (explaining the history of the proposed Safeguard American Voter Eligibility Act and the Department of Justice's attempts to access States' electronic voter registration lists), stayed by, Trump, 609 U.S. __, 2026 WL 2473573.[2]

[1] The Plaintiff Organizations are the League of Women Voters of Massachusetts, League of Women Voters Lotte E. Scharfman Memorial Education Fund, League of Women Voters of the United States, League of Women Voters Education Fund, Association of Americans Resident Overseas, U.S. Vote Foundation, OCA-Asian Pacific American Advocates, and Delta Sigma Theta Sorority, Inc.

[2] In California v. Trump, this court granted a group of 23 States and the District of Columbia summary judgment and enjoined implementation of Sections 2 and 3 of the EO as to the 2026 midterm elections and as to those states. See id.; Final Judgment, California v. Trump, No. 1:26-cv-11581 (D. Mass. July 7, 2026) [Doc. No. 207]. The First Circuit affirmed this court's denial of a stay pending appeal. See California v. Trump, 183 F.4th 52 (1st Cir. 2026). The defendants and intervenor-defendants then sought a stay from the Supreme Court through its emergency docket. See Trump v. California, No. 26A124 (U.S. July 27, 2026); Alabama v. California, No. 26A139 (U.S. July 29, 2026).

On August 11, 2026, this court granted Plaintiff Organizations' Renewed Motion for a Preliminary Injunction [Doc. No. 170] and issued a nationwide injunction enjoining the United States Postal Service ("USPS") from implementing Section 3 of the EO as to elections occurring before or on November 3, 2026. See Mem. & Order [Doc. No. 183]. Defendants did not appeal this order and, prior to yesterday, did not seek a stay.[3]

On Friday, August 21, 2026, at or around 9 p.m., the USPS nonetheless issued a final rule for public inspection implementing Section 3 of the Executive Order. See USPS, Ballot Mail for Federal Elections (Aug. 21, 2026) (accessible at https://public-inspection.federalregister.gov/2026-17238.pdf).[4]

On Monday afternoon, August 24, 2026, the Supreme Court granted the government's emergency application for a stay of the injunction in California v. Trump, based on ripeness and standing grounds. See Trump v. California, No. 26A124, 609 U.S. __, 2026 WL 2473573 (Aug. 24, 2026). The Court's order made no reference to the USPS's publication of the final rule that prior Friday night.[5]

---

[3] Intervenor-Defendants appealed, but did not seek a stay. Intervenors' Not. of Appeal [Doc. No. 185]; see League of Women Voters of Massachusetts v. Missouri, No. 26-1944 (1st Cir. Aug. 19, 2026).

[4] The final rule was published in the Federal Register on August 26, 2026, but is effective as of August 21, 2026. USPS, Ballot Mail for Federal Elections, 91 Fed. Reg. 54966 (Aug. 26, 2026) (to be codified at 39 C.F.R. pt. 111). The final rule noted that "[g]iven the injunctions currently in place in *State of California v. Trump*, No. 26-cv-11581 (D. Mass. June 25, 2026), and *League of Women Voters of Massachusetts v. Trump*, No. 26-cv-11549 (D. Mass. Aug. 11, 2026), the Postal Service will not take actions to implement the rule specifically for the 2026 election unless and until the government obtains relief from those injunctions." Id. at 54966.

[5] Instead, the Court found a likelihood of irreparable harm to the government where the injunction "prevents the Postal Service from so much as initiating a rulemaking that could yield a rule applicable to these States." Id. at *4 (emphasis added).

Defendants in the instant case argue that the Supreme Court's decision in Trump v. California applies with equal force here and warrants dissolution of the August 11, 2026 preliminary injunction. Defs.' Mot. to Reconsider 1 [Doc. No. 196].[6]

## II. Standard of Review

When a party seeks to have a preliminary injunction dissolved, the party seeking dissolution must "demonstrate to the district court that an intervening change in fact or law 'warrant[s] the discontinuation' of the preliminary injunction[]." Washington v. HUD, 171 F.4th 473, 488 (1st Cir. 2026) (quoting Concilio de Salud Integral de Loiza, Inc. v. Pérez-Perdomo, 551 F.3d 10, 16 (1st Cir. 2008)). "A decision to vacate an existing preliminary injunction is . . . the effective equivalent of a denial of a preliminary injunction[.]" Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1228 (1st Cir. 1994) (explaining that Federal Rule of Civil Procedure 52 applies to a district court's vacatur of a preliminary injunction); see Doe v. Trump, 157 F.4th 36, 46 (1st Cir. 2025) ("To be granted a preliminary injunction, a plaintiff 'must establish' that: (1) it is 'likely to succeed on the merits;' (2) it is 'likely to suffer irreparable harm in the absence of preliminary relief;' (3) 'the balance of equities tips in [its] favor;' and (4) 'an injunction is in the public interest.'" (alteration in original) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008))).

## III. Discussion

In granting the government's emergency application to stay the California v. Trump injunction, the Supreme Court held that "[t]wo related doctrines of justiciability block[ed] the States' suit[:]" standing and ripeness. Trump, 609 U.S. at __, 2026 WL 2473573, at *2.

---

[6] Defendants ask in the alternative for a stay pending appeal, see id. at 1, but that request is premature where Defendants have filed no appeal.

A. *Standing*

Standing requires "an injury that is concrete, particularized, and imminent rather than 'conjectural or hypothetical.'" Id. at *2 (quoting Carney v. Adams, 592 U.S. 53, 60 (2020)). "[S]tanding is not dispensed in gross[.]" Id. (quoting TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021)). Indeed, any plaintiff "must have Article III standing in order to recover individual damages." TransUnion LLC, 594 U.S. at 431. And because Article III injury must be "particularized," courts must analyze standing independently for different plaintiffs. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Regarding Section 3 of the EO, the Supreme Court held that the plaintiff States' asserted pocketbook injury was too speculative to confer standing because the USPS's publication of the final rule was hypothetical when the States filed their amended complaint. Trump, 609 U.S. at __, 2026 WL 2473573, at *2, *4 ("The States cannot preemptively concretize their injury by expending funds before the Postal Service finalizes a rule.").

Plaintiff Organizations do not share the plaintiff States' fiscal harms, incurred in part due to the need to purchase new mail ballots that will comply with the USPS's final rule; or sovereign injuries, based on the executive branch's interference with State election administration. Rather, Plaintiff Organizations have asserted, *inter alia*, ongoing injury to their members due to the confusion and chaos wrought by the EO's likely unconstitutional attempt to change election rules a few short months prior to the 2026 midterms. See Mem. & Order 21–24 [Doc. No. 183]; Trump, 609 U.S. at __, 2026 WL 2473573, at *11 (Jackson, J., dissenting) ("Granting the stay . . . risks severe disruption of the upcoming midterm elections . . . [and] the kinds of on-the-ground chaos [the Supreme] Court has previously decried in the elections context . . . ." (citing Purcell v. Gonzalez, 549 U.S. 1, 4–5 (2006))). The Supreme Court has not

yet had the opportunity to consider the sufficiency of Plaintiff Organizations' voting-confusion injury for the purposes of Article III standing.

B. *Ripeness*

The Supreme Court explained that the other doctrine of justiciability "is ripeness, which forbids federal courts to adjudicate disputes that are 'dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all."'" Trump, 609 U.S. at __, 2026 WL 2473573, at *2 (quoting Trump v. New York, 592 U.S. 125, 131 (2020) (per curiam)). Throughout the remainder of the opinion, however, the Supreme Court made no further mention of the prudential "ripeness" doctrine and instead framed its concerns about contingent future events as undermining the plaintiff States' claims of injury and thus standing. Id. at **2–5.

Despite this framing, as to contingent future events, the two cases are in similar postures. In California v. Trump, the plaintiff States brought no claims under the Administrative Procedure Act ("APA") challenging a final rule. See Am. Compl., California v. Trump, No. 1:26-cv-11581 (D. Mass. Apr. 17, 2026), Dkt. No. 65. In the instant case, the court dismissed without prejudice Plaintiff Organizations' APA claims, finding that Plaintiffs had failed to allege final agency action. See Mem. & Order 20–21 [Doc. No. 175]. In both cases, the court also considered the possibility that Defendants would abandon the EO due to feasibility or legality concerns and, accordingly, dismissed the claims with respect to elections occurring after November 3, 2026, as unripe. See Mem. & Order 10–11 [Doc. No. 166]. Therefore, the only claims underpinning both groups of plaintiffs' respective motions were constitutional claims as to the authority of the Executive Branch, limited to elections prior to and on November 3, 2026. And given the immediacy of the current election season, this court found that such claims, in both cases, were ripe as to the midterms, where the claims did not challenge the specific text of a final rule. See

Mem. & Order 5–12 [Doc. No. 175]; Mem. & Order 17–20 [Doc. No. 183]; Trump, 2026 WL 1826490, at **6–8. The court went on to enter judgment for the plaintiff States and to find a substantial likelihood that Plaintiff Organizations would prevail on their constitutional claims. See Mem. & Order 21, 26–27 [Doc. No. 183].

The Supreme Court found that this court erred in California v. Trump by "speculat[ing]" that the USPS would (1) propose a rule[7]; (2) weigh the comments; and (3) issue a final rule consistent with the EO's directives, and admonished that "[f]ederal courts review final rules, not proposed rules—and certainly not antecedent internal directives to propose a rule." Trump, 609 U.S. at __, 2026 WL 2473573, at *4. The court finds it likely that the Supreme Court would apply the same reasoning here, despite the different injury, and that Trump v. California, amounts to "an intervening change in law that warrants the discontinuation of the preliminary injunction." Washington, 171 F.4th at 488 (cleaned up).

Despite acknowledging that the disposition of the government's emergency application "does not mean that any measure taken by the Government to implement the Order will necessarily be lawful[,]" the Supreme Court found any judicial review of the merits unavailable at this time. Trump, 609 U.S. at __, 2026 WL 2473573, at *5. Instead, without any consideration of whether the Executive's "goals" are lawful, or even likely lawful or possibly lawful, the Supreme Court concluded that appellate review on the merits of the court's final judgment in California v. Trump "would come too late for the 2026 midterms," [8] and that the court's "errors

[7] The USPS had issued its proposed rule several weeks before the court issued the injunction in California v. Trump and more than two months before the injunction was entered in the instant case. See USPS Notice of Proposed Rulemaking, Ballot Mail for Federal Elections, 91 Fed. Reg. 32915 (June 2, 2026).

[8] This finding is notable where the notice of appeal in California v. Trump was filed on July 1, 2026, and, rather than seek an expedited appeal of this court's final judgment on the merits,

[as to justiciability] deal 'a serious setback'" to those "goals" while an injunction is in place. Id. at *4 (quoting Coleman v. Paccar Inc., 424 U.S. 1301, 1307 (1976) (Rehnquist, J., in chambers)).[9]

Plaintiffs note that the "final rule" to which the Supreme Court referred was published by the USPS late Friday night, on August 21, 2026. See USPS, Ballot Mail for Federal Elections (Aug. 21, 2026) (accessible at https://public-inspection.federalregister.gov/2026-17238.pdf). And that late publication answers in the affirmative the question of "whether the agency would issue a final rule." Trump, 609 U.S. at __, 2026 WL 2473573, at *4 (citing Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 175 (2007) (explaining that a proposed rule is "simply a proposal," and an agency "might choose to adopt the proposal or to withdraw it")). But even this promulgation may not be good enough, for regardless of what chaos may be unleashed as litigation is pending, by declining to differentiate ripeness and standing, the Supreme Court appears to be implying that ripeness must also be measured when the suit is filed. Id. at *4 ("At

---

Defendants chose to seek only an emergency stay where they could avoid review of the merits. Not. of Appeal, California v. Trump, No. 1:26-cv-11581 (D. Mass. July 1, 2026), Dkt. No. 192.

[9] As Justice Jackson notes in dissent:

> Under [the Majority's] approach, the Executive can intentionally act in harmful ways that violate the law, decline to defend the legal merits of its unlawful actions, and nevertheless put challengers on the defensive (by thwarting injunctions on the basis of alleged flaws with the form of plaintiffs' legal claims), thereby extending its unlawful activity for as long as possible. See, e.g., [Trump v. ]CASA, 606 U.S. [831,] 839 [(2025)] (considering only threshold procedural questions while the underlying merits issues festered). This is a noxious litigation strategy that should be a red flag for courts. It forestalls resolution of the merits, prolongs unjustified harms, and wounds public confidence in the judiciary's ability to award actual relief for meritorious challenges. Furthermore, if sowing chaos is the Government's ultimate goal, as it is here, . . . the effectiveness of judicial review is substantially undercut when the Court shunts all consideration of the lawfulness of the Government's conduct at the stay stage and greenlights significant harms in the interim.

Trump, 609 U.S. at __, 2026 WL 2473573, at *10 n.5.

the time this suit was filed—the time when standing is measured—the District Court had to engage in a string of speculations to find this suit justiciable.”).

## IV. Conclusion

In sum, the court finds that, in light of the Supreme Court’s decision in Trump v. California, Plaintiff Organizations are not likely to prevail as to ripeness without amending their complaint to reflect the fact that a Final Rule has now issued. Accordingly, the court GRANTS Defendants’ Motion to Reconsider [Doc. No. 196] and VACATES its August 11, 2026 Preliminary Injunction, see Mem. & Order [Doc. No. 183].

IT IS SO ORDERED.

August 26, 2026

/s/ Indira Talwani
United States District Judge