**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-11549-IT |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and the materials submitted in support, the Court hereby finds that Plaintiffs are likely to succeed on the merits of their claims that (1) the United States Postal Service's (USPS) final rule Ballot Mail for Federal Elections, 91 Fed. Reg. 54966 (Aug. 26, 2026) (Final Rule), violates the separation of powers because USPS has no authority to regulate elections and intrudes on the authority of Congress and the states, and (2) that the Final Rule is ultra vires because it violates federal law or acts in a manner not authorized by statute. The Court further finds that Plaintiffs will imminently suffer irreparable harm in the absence of immediate injunctive relief, as the operation of the Final Rule less than 70 days before the general election risks imminent disenfranchisement of members of Plaintiff organizations creates significant confusion for voters and for elections officials, and impedes Plaintiffs' ability to carry out their core activities, making the grant of this temporary restraining order prior to hearing from Defendants necessary to preserve the status quo. The Court further finds that the balance of hardships and public interest favor a temporary restraining order and preliminary injunction. Therefore, it is hereby:

**ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order is **GRANTED**; and it is further

**ORDERED** that the Final Rule has no force or effect with respect to any federal election on or before November 3, 2026; and it is further

**ORDERED** that Defendants USPS, the Board of Governors of USPS, Amber F. McReynolds (in her official capacity as Chair of the Board of Governors of USPS), Derek T. Kan (in his official capacity as Vice Chairman of the Board of Governors of USPS), Ronald A. Stroman (in his official capacity as a Member of the Board of Governors of USPS), Daniel M. Tangherlini (in his official capacity as a Member of the Board of Governors of USPS), and David P. Steiner (in his official capacity as United States Postmaster General) (together, USPS Defendants) are directed to take no implementation or preparatory steps that would change the status quo for any covered election; and it is further

**ORDERED** that the USPS Defendants are directed to file a status report within 48 hours of entry of this Order confirming their compliance with such order and reporting all steps that USPS Defendants, their officers, employees, and agents have taken to comply with the Court's order, as well as further compliance updates with this Court every week; and it is further

**ORDERED** that Defendants shall file any opposition to Plaintiffs' Motion for a Preliminary Injunction on or before __________; Plaintiffs shall file any reply in support of the Motion on or before __________; and the Court will hear oral argument on the Motion on __________.

This temporary restraining order was issued on _____, 2026 at _____ A.M./P.M. It shall expire on ________, 2026, at _______ A.M./P.M., unless it is extended before that time for good cause.

**SO ORDERED.**

Dated: _________________, 2026

__________________________
Hon. Indira Talwani
United States District Judge