**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | ) | No. 26-cv-11549-IT |
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | ) | No. 26-cv-11581-IT |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OF THE SOCIETY FOR THE RULE OF LAW**

The Society for the Rule of Law and Democracy, Inc., doing business as The Society for the Rule of Law ("SRL"), through its undersigned counsel, respectfully requests leave of Court to file the attached *amicus curiae* brief in support of the Plaintiffs' Motions for a Temporary Restraining Order and Preliminary Injunction in the above cases. In support of its Motion, SRL states as follows:

1. Proposed *amicus* is a nonprofit, nonpartisan organization dedicated to defending the conservative legal principles of the rule of law, separation of powers, federalism, and government by the people.

2. SRL has an interest in seeing that the United States Postal Service Final Rule, *Ballot Mail for Federal Elections* (Aug. 21, 2026), does not violate these principles by providing and administering voter lists in violation of the Constitution and several federal statutes. SRL seeks to protect against violations of separation of powers and of federalism by preventing the federal executive branch from improperly encroaching on congressional and state authority in federal election matters.

3. Although SRL previously was granted leave and filed an *amicus* brief in support of the plaintiffs' original motions for preliminary injunction, now that the USPS rule has been issued and now that the government has refined its arguments, SRL respectfully requests leave to file the attached *amicus* brief, which consolidates its arguments in a single brief to address the current arguments of the parties, including arguments on the merits. The attached brief combines all arguments addressing both Case Numbers 26-cv-11549-IT and 26-cv-11581-IT.

4. While no specific court rule governs filing an *amicus curiae* brief in federal district courts, this Court has found that *amici* can "assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal citation omitted). Courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet" the criteria of any relevant rules, "as broadly interpreted." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.). SRL, many of the members of SRL, and of counsel for SRL, previously participated in similar capacities in prior cases addressing the proper roles of federal law, including the Elections Clause, and state law in

federal elections. *See Moore v. Harper*, 600 U.S. 1, 8 n.* (2023); *Watson v. Republican Nat'l Comm.,* 146 S. Ct. 2165 (2026).

5. This *amicus* brief will be desirable for the Court because its arguments were not as fully addressed in the filings of the plaintiffs.

6. The USPS rule is invalid in many ways. The attached *amicus* brief focuses on five reasons to enjoin the USPS rule. Part I shows that the USPS rule is invalid because it directs the USPS to exercise powers that the elections provisions of the Constitution and federal stautes have withheld from the USPS. The Help America Vote Act of 2002 ("HAVA"), the National Voter Registration Act of 1993 ("NVRA"), and the Voting Rights Act Amendments of 1970 withhold from the USPS *any* regulatory role concerning any voter list, restricting the delivery of paper ballots, or restricting absentee ballots.

7. Part II shows that a number of provisions of Title 39 independently withhold from the USPS *any* role concerning any voter list, restricting the delivery of paper ballots, or refusing to deliver absentee ballots. In particular, defendants concede that Congress has withheld from the USPS any authority to create a new category of unmailable items. The text of 39 U.S.C. §§ 3001-18 shows that a rule that prohibits delivery of a category except for those items that satisfy USPS regulations *is a classic nonmailability rule*.

8. Part III discusses how constitutional and statutory design, structure, and history further support that any such authority was withheld from the USPS.

9. Part IV shows that an additional reason why the USPS rule is unauthorized is that the federalism presumption and the major question doctrine would require a clear statement or clear authorization. Those are sorely lacking here.

10. Part V shows that if the defendants raise the argument that the *Purcell* doctrine

immunizes the application of the USPS rule to the 2026 elections, the Court should reject that argument, as the D.C. Circuit did.

11. The proposed brief thus discusses relevant constitutional and federal statutory provisions, and their history, that the plaintiffs understandably have not as fully explored in their filings.

12. Counsel for proposed *amicus* has conferred with counsel for the parties. The motion is unopposed. Plaintiffs and Defendants consent to the filing of the brief.

13. No party's counsel authored the proposed brief in whole or in part, and no party or its counsel contributed money to fund the preparation or submission of the attached brief.

14. *Amicus* files this motion and the attached proposed brief on August 27, 2026, to eliminate any risk that the brief will delay the resolution of the plaintiffs' motions for a temporary restraining order.

15. A true and correct copy of the proposed brief has been submitted with this motion.

16. In each of the above cases, to avoid duplication, SRL will file the identical motion with the identical attached brief.

**CONCLUSION**

For the foregoing reasons, SRL respectfully requests that the Court grant leave to file the accompanying *amicus* brief.

Dated: August 27, 2026

Respectfully submitted,

/s/ Inga S. Bernstein
Inga S. Bernstein
**Zalkind Duncan & Bernstein LLP**
2 Oliver Street, Suite 200
Boston, MA 02109
(617) 742-6020
ibernstein@zalkindlaw.com

*Of Counsel:*
Richard D. Bernstein (*pro hac vice*)
1875 K Street NW, Suite 100
Washington, DC 20006
(301) 775-2064

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for amicus curiae have conferred via email with counsel for the parties. Counsel for the Plaintiffs and counsel for the Defendants state that they consent to SRL's requested leave to file an *amicus curiae* brief.

/s/ Inga S. Bernstein
Inga S. Bernstein

Date: August 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served on all counsel via the court's electronic service system.

/s/ Inga S. Bernstein
Inga S. Bernstein

Date: August 27, 2026