**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al.,**
Plaintiffs,

v.

**DONALD J. TRUMP, in his official capacity as President of the United States, et al.,**
Defendants,

and

**STATE OF MISSOURI, et al.,**
Intervenor-Defendants.

Civil Action No. 1:26-cv-11549-IT

---

## MOTION OF BRANDON MICHAEL HAYES FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE AND MEMORANDUM IN SUPPORT

Brandon Michael Hayes, appearing pro se, respectfully moves for leave to file the accompanying **Brief of Amicus Curiae Brandon Michael Hayes, President, Natural Law Institute, Regarding the Constitutional Floor of Deprivation, the Distinction Between the Franchise and Voting Mechanisms, Verification, and Article III Sequencing**.

The proposed brief is submitted contemporaneously with this Motion so that the Court may evaluate its substance in determining whether leave should be granted.

In support, Amicus states as follows.

## I. THE COURT POSSESSES DISCRETION TO RECEIVE AMICUS SUBMISSIONS AND HAS EXERCISED THAT DISCRETION REPEATEDLY IN THIS ACTION

Federal district courts possess inherent authority to permit participation by amici curiae where a proposed submission may assist the Court in resolving matters before it.

This Court has already exercised that authority repeatedly in this action, granting multiple motions for leave to submit amicus briefing concerning the constitutional, statutory, and administrative questions arising from Executive Order 14399.

Amicus seeks the same limited form of participation here: permission to place before the Court an independent legal and structural analysis directed to matters now presented by the Final Rule, the Supplemental Complaint [Doc. No. 205], and Plaintiffs' renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 206].

Amicus seeks no party status.

He requests no discovery, evidentiary hearing, enlargement of the record, or extension of any existing deadline.

He seeks leave to submit the accompanying brief for whatever assistance the Court determines it may provide.

---

## II. THE PROPOSED BRIEF ADDRESSES THE MATERIAL POSTURE THAT NOW EXISTS FOLLOWING THE COURT'S AUGUST 26 ORDER

The posture of this litigation changed materially on August 26, 2026.

The Court granted Defendants' Motion to Reconsider [Doc. No. 196] and vacated its August 11, 2026 preliminary injunction in light of the Supreme Court's intervening decision in **Trump v. California**.

The Plaintiff Organizations thereafter filed:

1. a Supplemental Complaint [Doc. No. 205];
2. an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 206];
3. a memorandum supporting that renewed request [Doc. No. 207]; and
4. additional declarations directed to the asserted effects of the Final Rule [Doc. No. 208].

The litigation has accordingly moved from anticipated rulemaking and predicted downstream effects to review of a Final Rule and asserted concrete injuries arising from that rule.

The proposed amicus brief addresses that matured posture.

---

## III. THE PROPOSED BRIEF OFFERS A DISTINCT DECISIONAL FRAMEWORK

The proposed brief does not merely reproduce the positions advanced by Plaintiffs, Federal Defendants, or Intervenor-Defendants.

It asks the Court to preserve several legal classifications that bear independently upon disposition of the renewed controversy, including the distinctions between:

- **the franchise and the mechanism by which the franchise is exercised;**
- **necessary absentee access and generally available mail-voting mechanisms;**
- **verification of an existing qualification and creation of an additional permission condition;**
- **governmental purpose and governmental authority;**
- **Article III injury and ultimate constitutional deprivation;**
- **constitutional error and appropriate remedial scope.**

The proposed brief further places those inquiries into a fixed decisional sequence:

**Legal Right → Voting Pathway → Legal Source → Affected Voter → Remaining Alternative → Verification Function → Governmental Authority → Concrete Burden → Article III Jurisdiction → Constitutional Review → Proportionate Remedy**

That framework is directed to the Court's adjudicative task rather than to the interests of either side.

---

## IV. THE PROPOSED SUBMISSION IS TIMELY

The proposed brief addresses events occurring during the immediately preceding days.

The Supreme Court issued **Trump v. California** on August 24, 2026.

This Court granted reconsideration and vacated its prior preliminary injunction on August 26, 2026.

The Plaintiff Organizations filed their Supplemental Complaint and renewed emergency request for equitable relief that same day.

The proposed brief therefore reaches the Court at the beginning of the newly matured phase of this controversy, while the constitutional and equitable treatment of the Final Rule remains under consideration.

Consideration of the brief will require no alteration of the existing schedule unless the Court determines otherwise.

---

## V. THE PROPOSED BRIEF MAY ASSIST THE COURT WITHOUT PREJUDICING ANY PARTY

The proposed brief is limited to legal and structural analysis.

- It introduces no testimonial evidence.
- It requests no independent factual findings.
- It does not seek intervention or party rights.
- Its submission does not prevent any party from advancing, preserving, distinguishing, or opposing any proposition addressed therein.

The brief instead supplies a framework through which the competing claims concerning voter access, verification, governmental authority, Article III, and equitable relief may be evaluated against the Final Rule now before the Court.

The proposed submission therefore may assist adjudication without expanding the controversy or delaying its resolution.

---

## REQUEST FOR RELIEF

For the foregoing reasons, Brandon Michael Hayes respectfully requests that the Court:

1. **GRANT leave to file the accompanying Brief of Amicus Curiae;**
2. **DIRECT that the proposed brief submitted contemporaneously with this Motion be accepted and docketed as the Brief of Amicus Curiae Brandon Michael Hayes;** and
3. **PERMIT the Court to consider the brief in connection with the Supplemental Complaint [Doc. No. 205], the renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 206], and subsequent proceedings concerning the Final Rule to the extent the Court finds the submission useful.**

Respectfully submitted,

**Brandon Michael Hayes**
President, Natural Law Institute
Pro Se
159 Indian Hill Street
West Newbury, Massachusetts 01985

(617) 438-2049
brandon@hayeshaus.com

Dated: August 28, 2026

---

**CERTIFICATE OF COMPLIANCE, ADVANCE NOTICE, AND SERVICE**

I, Brandon Michael Hayes, certify that, in furtherance of D. Mass. Local Rule 7.1(a)(2) and to provide the parties advance notice of the relief requested, I transmitted by electronic mail complete copies of:

1. this Motion for Leave to File Brief as Amicus Curiae;
2. the proposed Brief of Amicus Curiae; and
3. the proposed Order,

to counsel of record for Plaintiffs, Federal Defendants, and Intervenor-Defendants at the electronic-mail addresses appearing on the docket.

The electronic transmission advised counsel of Amicus's intention to seek leave to file the proposed brief, requested that counsel communicate any position concerning the requested leave, and afforded counsel an opportunity to confer regarding the requested relief.

The physical filing package is being transmitted separately to the Clerk by United States Mail under circumstances affording counsel at least twenty-four hours of advance possession of the complete filing materials before physical delivery of the package to the Court.

I certify under penalty of perjury that the foregoing accurately states the manner of advance notice, electronic transmission, and physical submission described above.

Dated: August 28, 2026

**Brandon Michael Hayes**