**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-11549-IT |
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-13917-IT |

**UNOPPOSED MOTION OF NATIONAL SECURITY LEADERS FOR AMERICA FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**

National Security Leaders for America ("NSL4A"), through its undersigned counsel, respectfully requests leave of Court to file the attached *amicus curiae* brief in support of Plaintiffs' motions for a preliminary injunction in the above-captioned cases. In support of its Motion, NSL4A states as follows:

1. NSL4A is a non-partisan network of over 1,500 former senior military and civilian leaders possessing broad experience in national security issues and sharing viewpoints and affiliations

from across the political spectrum. Over 800 of NSL4A's members are retired Generals, Admirals, or other senior officers from one of the uniformed services of the United States. Approximately 200 of its members served as ambassadors of the United States in foreign countries, while many more served in senior diplomatic posts around the world.

2. This extensive service to our country has afforded many NSL4A members first-hand experience with the difficulties military and diplomatic personnel encounter in casting ballots when on assignment abroad or in the United States away from their legal residences. NSL4A can assist the Court to understand the harms that will be inflicted upon the voting rights of uniformed military members, diplomats, and their families by the restrictive policies announced in Executive Order 14,399 of March 31, 2026, 91 Fed. Reg. 17,125, and the United States Postal Service's ("USPS") Final Rule, Ballot Mail for Federal Elections, 91 Fed. Reg. 54,966 (Aug. 26, 2026) (to be codified at 39 C.F.R. pt. 111) ("Final Rule"). NSL4A and its members also are familiar with how Executive Order 14,399 and the Final Rule conflict with the protections Congress afforded to voters in federal service under the Uniformed and Overseas Citizens Absentee Voting Act, Pub. L. No. 99-410, 100 Stat. 924 (1986) ("UOCAVA").

3. The timely delivery of UOCAVA ballots to voters, their successful return to election offices, and accurate tabulation of these ballots are matters of significant concern to NSL4A members. NSL4A can provide a unique and meaningful perspective to ensure that UOCAVA voters can exercise their fundamental right to access the ballot box and have their votes counted. NSL4A is not aware of any party or court having addressed these issues in the instant or related litigation.

4. The attached proposed *amicus* brief would assist the Court's consideration of the pending motions for preliminary injunction by addressing the incompatibility of Executive Order 14,399

and the Final Rule with UOCAVA's mandate to facilitate overseas voting. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (discussing how *amicus* briefs may benefit the court). Congress enacted UOCAVA to ensure that military members, diplomats, and other Americans serving or living away from their voting residence can cast absentee ballots despite the delays and practical barriers inherent in voting from abroad.

5. Section 3 of Executive Order 14,399 interferes with Congress's framework by imposing a new barcode-and-enrollment regime for ballot mail, implemented on a compressed election-year timeline, without accounting for the protections Congress guaranteed UOCAVA voters. Section 3 cannot be lawfully implemented because it conflicts with the States' express responsibility under UOCAVA not to reject covered ballots based on envelope-type restrictions.

6. While the Final Rule purports to exempt UOCAVA-covered ballot mail, the exemption relies on facially unworkable processes for outbound ballots sent to UOCAVA voters and there is no specified process for applying the exemption to UOCAVA voters' return ballots. Indeed, USPS's Final Rule specifically does not consider the practical difficulties with implementing an exception for UOCAVA ballots that commenters on the proposed rule identified. "[O]perational changes or service commitments for ballots mailed to and from military and overseas voters," USPS inexplicably said, "are beyond the scope of this proceeding and will not be addressed." 91 Fed. Reg. at 54,968.

7. The Final Rule injects confusion and operational disruption into military and diplomatic and other overseas voting during the very time period when State officials must distribute, receive, and count UOCAVA ballots. The processes prescribed to protect UOCAVA voters preclude any realistic conclusion that the conflicts and uncertainties associated with the Final Rule's ballot

procedures will be resolved before the November 3, 2026, general election. Accordingly, the requested preliminary injunction should be granted to address the imminent risk that eligible voters serving their country abroad will lose votes that cannot later be restored.

8. Counsel for NSL4A has contacted counsel for the parties to seek consent for this motion. All parties that responded, including Counsel for Plaintiffs in Case No. 1:26-cv-11549-IT, the Plaintiff States in Case No. 1:26-cv-13917-IT, and the Federal Defendants, provided consent, and the motion thus is unopposed.

9. No party or counsel for a party authored the proposed brief in whole or in part, and no person other than the proposed *amicus curiae*, its members, or its counsel made a monetary contribution intended to fund the preparation or submission of this brief.

10. A copy of the proposed *amicus* brief and Proposed Order are being submitted with this motion.

11. For the foregoing reasons, NSL4A respectfully requests that the Court grant leave to file its accompanying brief as *amicus curiae* in support of Plaintiffs' motions for a preliminary injunction.

Respectfully submitted,

Date: August 31, 2026

/s/ *Yevgeniy Pilipovskiy*
Yevgeniy Pilipovskiy (BBO No. 714018)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
ypilipovskiy@cov.com
(202) 662-6000

*Counsel for* Amicus Curiae *National Security Leaders for America*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for proposed *amicus curiae* National Security Leaders for America ("NSL4A") have conferred via email with counsel for the parties to seek consent for the filing of the proposed *amicus* brief. Counsel for Plaintiffs in Case No. 1:26-cv-11549-IT, the Plaintiff States in Case No. 1:26-cv-13917-IT, and the Federal Defendants have consented to NSL4A's requested leave to file an *amicus curiae* brief. No party has indicated opposition to this motion.

Date: August 31, 2026

/s/ *Yevgeniy Pilipovskiy*
Yevgeniy Pilipovskiy

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion of National Security Leaders for America for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs' Motions for Preliminary Injunction was this day served on all counsel via the court's electronic service system.

Date: August 31, 2026

/s/ *Yevgeniy Pilipovskiy*
Yevgeniy Pilipovskiy