**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,<br>*Plaintiffs*,<br>v.<br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br>*Defendants*. | Civil Action No. 1:26-cv-11549-IT<br><br>**Leave to File Granted on 9/1/2026** |
| STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>UNITED STATES POSTAL SERVICE, *et al.*,<br>*Defendants*. | Civil Action No. 1:26-cv-13917-IT |

**BRIEF OF *AMICI CURIAE* LEAGUE OF UNITED LATIN AMERICAN CITIZENS; SECURE FAMILIES INITIATIVE; ARIZONA STUDENTS' ASSOCIATION; CITY OF MADISON, WISCONSIN; TRAVIS COUNTY, TEXAS; AND TRAVIS COUNTY CLERK IN SUPPORT OF PLAINTIFFS**

## INTRODUCTION

*Amici* League of United Latin American Citizens ("LULAC"); Secure Families Initiative ("SFI"); Arizona Students' Association ("ASA"); the City of Madison, Wisconsin; Travis County, Texas; and Travis County Clerk Dyana Limon-Mercado, in her official capacity as the Travis County Clerk, respectfully submit the following *amici curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction. *Amici* are plaintiffs challenging the USPS Final Rule in separate litigation pending in the United States District Court for the District of Columbia, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C.). In that litigation, they retained an expert in election

administration with deep and on-going Postal Service expertise and experience, Ms. Tammy Patrick, the Chief Programs Officer of the National Association of Election Officials, who drafted and submitted a declaration explaining that none of the requirements of the USPS Final Rule can feasibly be implemented for the November 3, 2026, general election by either local election officials or USPS. Ms. Patrick explained that each requirement of the Rule will place new and heavy burdens on state, and particularly, local election officials, and requires changes that exceed the time, budget, and staffing bandwidth available for implementation for 2026. Her declaration further explains that USPS is not prepared to implement the unprecedented requirements imposed by the Rule for the 2026 election and that catastrophic failures will be the predictable result, resulting in delayed ballot mailings, disparate treatment of election offices and voters across and within states, and eligible voters losing the ability to exercise their right to vote by mail according to the laws of their state.

Drawing from *amici*'s collective experience working with countless voters for whom voting by mail is their only option to cast their ballot, and *amici* the City of Madison, Travis County, and the Travis County Clerk's experience as election administrators, as well as the experience of their proffered expert, *amici* submit that the Final Rule must be enjoined to prevent administrative chaos to vote by mail and the resulting mass disenfranchisement of eligible voters.

## INTEREST OF *AMICI*

*Amici Curiae* League of United Latin American Citizens ("LULAC"); Secure Families Initiative ("SFI"); Arizona Students' Association ("ASA"); the City of Madison, Wisconsin; Travis County, Texas; and Travis County Clerk Dyana Limon-Mercado are plaintiffs in *LULAC v. Executive Office of the President*, No. 1:26-cv-1132 (CJN) (D.D.C.), one of three now-consolidated cases in the United States District Court for the District of Columbia that challenge

the implementation of the United States Postal Service's Final Rule issued on August 26, 2026. Ballot Mail for Federal Elections, 91 Fed. Reg. 54966 (Aug. 26, 2026) (to be codified at 39 C.F.R. pt. 111) ("Final Rule" or "Rule"). The consolidated cases are now preceding under the lead case, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN (D.D.C.). *Amici* organizations, election jurisdictions, and individuals have an interest in the above captioned cases which also challenge the Final Rule.

LULAC, SFI, and ASA have members in states across the country who rely on mail voting. This includes the families of military service members who are stationed away from their home states, students attending college and university, older voters and voters with disabilities, and others who count on mail voting to participate in the upcoming election. LULAC, SFI, and ASA also educate their members and other voters about how to vote by mail, providing assistance and support to help them ensure they are able to do so. These organizations have an interest in ensuring their members can vote by mail in the November election, and that the organizations can conduct their planned educational and election-related activities.

The City of Madison, Wisconsin, Travis County, Texas, and Travis County Clerk Dyana Limon Mercado have already invested significant resources into administering the November 3, 2026 election and would face logistical and financial hardships in attempting to comply with the requirements in the Final Rule. They have an interest in preserving their resources, preventing disenfranchisement of the voters they serve, and avoiding reputational harm to themselves that would result if the Final Rule's requirements for mail voting were implemented for the November 3, 2026 election.

All *amici* have a strong interest in preventing disruptions to orderly election administration for the November 3, 2026 general election, including the widespread mail ballot receipt delays and disfranchisement that implementation of the USPS Final Rule would cause.

## ARGUMENT

### I. It Is Impossible to Implement the Final Rule for the November 2026 General Election.

The Final Rule is unprecedented in both scale and scope and cannot feasibly be administered before the 2026 general election. To understand the practical effects of the Final Rule, *amici* engaged Tammy Patrick, an election administrator and Chief Programs Officer of the National Association of Election Officials, to serve as an expert in *amici's* case challenging the Final Rule. Ms. Patrick submitted a declaration in the District of Columbia litigation, Declaration of Tammy Patrick, *DSCC v. Trump*, No. 1:26-cv-1114 (CJN) (D.D.C. Aug. 28, 2026), ECF No. 171-3 ("Patrick Decl."), and *amici* attach that declaration hereto as Exhibit A. Ms. Patrick's extensive experience with postal procedures and election administration includes an ongoing, day-to-day engagement with election officials nationwide, as well as her role as a liaison between election officials and several federal agencies, including the United States Postal Service ("USPS"), the United States Postal Inspection Service ("USPIS"), the United States Postal Office of Inspector General ("USPS OIG"), and the Federal Voting Assistance Program ("FVAP"), among other experience. Based on her extensive experience, Ms. Patrick concluded that the Final Rule is not only infeasible to implement, but will undermine election integrity and guarantee the disenfranchisement of countless eligible voters nationwide.

Ms. Patrick concluded that "[n]one of the Rule's requirements can feasibly be implemented before the November 3, 2026, General Election." Patrick Decl. ¶ 18. Specifically,

> [t]he Postal Service has never compiled or retained a national list of voters, required the chief election official from each state to take on an administrative function in the mailing of ballots, required documentation that the envelopes being used in ballot mailings have been approved by [Mailpiece Design Analysts] prior to acceptance of the mailing, or rejected mailings of ballots if proof of MDA approval is lacking.

*Id.* ¶ 17. Moreover, Ms. Patrick found that the Final Rule conflicts with the 2026 election calendar, as local election officials across the country have already set their governmental budgets for elections, as well as "designed, approved, and printed or ordered their ballot envelopes." *Id.* ¶ 34. Further, the Ballot Portal will require election officials "to build technical infrastructure, develop new data management and transfer protocols, set up user authentications, and draft policies and training material," all on the eve of early voting. *Id.* ¶ 38.

Ms. Patrick also drew from recent experience to conclude that she had "never witnessed USPS impose a change with such a dramatic impact on election administration so close to an upcoming election." *Id.* ¶ 61. Ms. Patrick worked extensively with USPS on the development of the STID for ballot mail, the three-digit number that identifies a mailpiece's class of service and handling specifications. *Id.* As she recounts, the effort to implement this change took two years, and "[c]reating a Ballot STID at that time did not change how ballots were handled, it did not change the induction of the mail, it did not change the authorization process of tendering mailings—all of which the Rule calls for but with much less time and planning." *Id.*

Because of the overwhelming amount of work that would be required to implement the Final Rule, Ms. Patrick opined that "[a]ttempting to implement the Rule in the 2026 election will result in rejected and delayed ballot mailings, disparate treatment of election offices and voters across and within states, and eligible voters losing the ability to exercise their right to vote by mail according to the laws of their state." *Id.* ¶ 20. These infeasibility concerns are underscored by a recent USPS whistleblower disclosure. See *DSCC*, No. 1:26-cv-1114 (CJN) (D.D.C. Sep. 1, 2026), ECF No. 173. Following the USPS whistleblower disclosure earlier today, Ms. Patrick also wrote a supplemental declaration, explaining that the disclosures support her original opinions, attached hereto as Exhibit B.

Ms. Patrick's conclusions comport with *amici*'s experience as local election officials and as organizations who regularly work with local election officials to ensure their constituencies are able to cast their mail ballots. As explained *supra*, *amici* represent individuals across the country who vote by mail because doing so is their only option, from student voters, to servicemembers and their families, as well as the elderly. Moreover, *amici* local election officials handle, collectively, hundreds of thousands of mail ballots every election cycle, and are charged with ensuring that all voters who are eligible are able to request and cast a mail ballot. As Ms. Patrick's declaration details, the interests of *amici* in protecting their constituencies' rights will be irreparably harmed by the implementation of the Final Rule, by commandeering election officials to do the impossible and thus guaranteeing the disenfranchisement of *amici*'s constituencies and members.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that this Court grant Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted this 1st day of September, 2026.

*/s/ David A. Russcol*
David A. Russcol (BBO #670768)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver St., Suite 200
Boston, MA 02109
617-742-6020
drusscol@zalkindlaw.com

*/s/ Norman L. Eisen*
Norman L. Eisen (DC Bar No. 435051)**
Pooja Chaudhuri (DC Bar No. 888314523)**
Beauregard Patterson (WI Bar No. 1102842)**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@democracydefenders.org
pooja@democracydefenders.org
beauregard@democracydefenders.org

*/s/ Danielle Lang*
Danielle Lang (DC Bar No. 1500218)*
Anna Baldwin (DC Bar No. 998713)*
Valencia Richardson (DC Bar No. 1739245)*
Aseem Mulji (DC Bar No. 1724971)*
Benjamin Phillips (DC Bar No. 90005450)*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

*Counsel for Amici Curiae League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, City of Madison, Wisconsin, Travis County, Texas and Travis County Clerk, in her official capacity.*

**Pro hac vice admission pending*
***Pro hac vice admission forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served on all counsel via the court's electronic service system.

*/s/ David A. Russcol*

Date: September 1, 2026