FILED
IN CLERKS OFFICE
2026 SEP 11 A 11:48
U.S. DISTRICT COURT
DISTRICT OF MASS.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al.,<br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*,<br>Defendants,<br><br>and<br><br>STATE OF MISSOURI, *et al.*,<br>Intervenor-Defendants. | Civil Action No. 1:26-cv-11549-IT |
| STATE OF CALIFORNIA, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br>Defendants,<br><br>and | Civil Action No. 1:26-cv-13917-IT<br><br>**MOTIONS TO INTERVENE AND DISMISS WITH PREJUDICE** |

STATE OF MISSOURI, *et al.*, )
Intervenor-Defendants,)
)
and )
)
EMANUEL MCCRAY, )
a/k/a TRUMP GENIUS, )
Intervenor-Defendant.)
)

## CERTIFICATION OF INTENT TO CONFER

On September 6, 2026, pursuant to Local Rule 7.1(a)(2), a "Notice of Intent to Confer" was submitted, by email on file with the Court, to Counsel for the parties which summarized Intervenor-Defendant's motions to intervene and dismiss.

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, Intervenor-Defendant Emanuel McCray, a/k/a Trump Genius (McCray or Trump Genius), hereby respectfully move for leave to intervene as defendant in the above-captioned action, solely and narrowly as of right.

As set forth in McCray's accompanying Memorandum, each of the requirements for intervention as of right is satisfied: timeliness; an interest relating to the property or transaction that is the subject of the action; and is so situated that disposing of the action may, as a practical matter, impair or impede McCray's ability to protect his interest, because existing parties cannot adequately represent this unique personal interest.

According to several databases in the possession of agencies of the Executive Department, as described in Exhibits 1 and 2, McCray is a citizen of the United States; is eligible to vote in Federal elections administered by the Plaintiff and Defendant States; and has the required unquestionable interest in Executive Order No. 14399, which provides increased security protections for his mail-in ballots authorized by the Constitution and laws of the United States.

Exhibit 3 informs the Court that a scheme to commit and complete criminal mail fraud, through the use of "anonymous ballots," results in further violations of the laws cited in Exhibits 1 and 2.

In turn, this criminal mail fraud scheme treats every American citizen as though Cestui que vie were dead. Such was the case with the British Empire's Cestui Que Vie Act of 1666. See Exhibit 4.

Here, citizen voters are denied their rights to have their personally-identifiable information (PII) appear on the ballot they voted and then cast. Because the ballot is anonymous, it cannot be counted, nor subjected to a complete forensic audit, which the Plaintiff State of Washington concedes in a letter set forth in Exhibit 3.

In this light, Plaintiffs' lawsuits are resting dead and quietly at the bottom of the oceans and cannot succeed. As further, this Court does not have subject matter jurisdiction to proceed further.

WHEREFORE, McCray respectfully request that the Court grant his motion for intervention and to dismiss for lack of subject matter jurisdiction.

Submitted Respectfully this 8th day of September 2026.

Emanuel McCray
400 W. McLoughlin Blvd Apt 5
(564) 208-7576
emanuel.mccray@hotmail.com

# MEMORANDUM IN SUPPORT OF INTERVENOR-DEFENDANT'S MOTION FOR INTERVENTION

## I. INTRODUCTION

In "The Case of the Sleepy Slayer," S8.E4, aired October 15, 1964, Perry Mason begins a thought by asking Della Street if she remembers what Justice Holmes said about "negligence and clues," implying a reference to his 1881 book, The Common Law.[1] Street finishes the thought by stating: "Even a dog distinguishes between being stumbled over and being kicked."

In the episode, Perry Mason uses this idea to show how intent separates a guilty act from a simple mistake.

President Trump, through Executive Order 14399 of March 31, 2026, uses the same idea to show how intent separates Plaintiff States' guilty acts of "mail fraud" from simple mistakes.

In their original and Supplemental Complaints, ECFs 1 and 205, respectively, the Plaintiff States do not allege their mail-in ballot schemes were simple mistakes rather than Federal criminal mail fraud described in Exhibits 1 and 2.

## II. PRESIDENT TRUMP HAS "TAKE CARE" CLAUSE POWER

On June 25, 1948, the 1872 "penalty for misusing the Post Office establishment" became Section 1341of Title 18, United States Code.

---

[1] The Project Gutenberg EBook of The Common Law, by Oliver Wendell Holmes, Jr. https://www.gutenberg.org/files/2449/2449-h/2449-h.htm.

The "Take Care Clause", Article II, Section 3, of the Federal Constitution, provides that the President "shall take Care that the Laws be faithfully executed…."

This duty potentially implicates at least five categories of executive power, including: (1) powers the Constitution confers directly upon the President by the opening and succeeding clauses of Article II; (2) powers that congressional acts directly confer upon the President; (3) powers that congressional acts confer upon heads of departments and other executive agencies of the federal government; (4) power that stems implicitly from the duty to enforce the criminal statutes of the United States; and (5) power to carry out the so-called ministerial duties, regarding which an executive officer can exercise limited discretion as to the occasion or manner of their discharge.

Under pertinent and relevant constitutional analysis, the President is presumed to exercise certain of his constitutional powers personally. In an 1855 opinion, Attorney General Caleb Cushing identified several such examples, including the President's granting of reprieves and pardons for offenses against the United States and his role as the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States. See 7 Ops. Atty. Gen. 453, 464-65 (1855).

The general prevailing rule that has developed is that when any duty is cast by law upon President Trump, it may be exercised by him through the head of the

appropriate department, whose acts, if performed within the law, becomes President Trump's acts. Thus, in exercising the Executive power under the Constitution, President Trump is allowed to speak and act through the heads of the several departments in relation to subjects which appertain to their respective duties.

The heads of the departments are indeed President Trump's authorized assistants in the performance of his duties; and their official acts, promulgated in the regular course of business, are presumptively the acts of President Trump. *Wilcox v. McConnel,* 38 U.S. (13 Pet.) 498, 513 (1839). See also *United States v. Eliason,* 41 U.S. (16 Pet.) 291 (1842); *Williams v. United States,* 42 U.S. (1 How.) 290, 297-298 (1843); *United States v. Jones,* 59 U.S. (18 How.) 92, 95 (1856); *The Confiscation Cases,* 87 U.S. (20 Wall.) 92, 107-109 (1874); *United States v. Farden,* 99 U.S. 10, 19 (1879); *Wolsey v. Chapman*, 101 U.S. 755, 769 (1880).

## III. LEGAL STANDARD

### A. General.

"Countering the State's compelling interest in preventing voter fraud is [a voter's] strong interest in exercising the 'fundamental political right' to vote." *Purcell v. Gonzalez,* 549 U.S. 1, 4 (2006), citing *Dunn* v. *Blumstein*, 405 U. S. 330, 336 (1972).

### B. Intervention As of Right Is Met.

McCray is entitled to intervene as of right because he has (1) filed a timely motion; (2) claims an interest in the litigation, (3) which may as a practical matter be impaired or impeded by the disposition of the suit, and (4) he cannot be adequately represented by any of the parties in the case. Fed. R. Civ. P. 24(a)(2); Executive Order No. 14399; U.S. Const. Article II, Section 3; Article IV, Section 4; Article VI, Clause 2; Article VI, Clause 3; and Amendments Fifth, Tenth, Eleventh, Fourteenth, Fifteenth, and Nineteenth.

**C. Lack of Subject Matter Jurisdiction Requires Dismissal.**

"[A] district court is one of limited jurisdiction, and that it has jurisdiction of the particular case which it attempts to adjudicate, must always appear." *The Confiscation Cases*, 87 U.S. 92, 107-108 (1873).

A federal court must dismiss a case immediately if it finds a lack of subject matter jurisdiction. Parties cannot agree or stipulate to give a court jurisdiction if it does not legally exist. *Reyes-Colón v. United States*, 974 F.3d 56 (1st Cir. 2020) ("lack of subject-matter jurisdiction basically means the court has no 'authority to decide the case either way.'"); *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety.")

The Complaints, on their face, are asking this Court to prevent, or otherwise, unconstitutionally delay/interfere with, President Trump carrying out his

constitutional and statutory duties directly owed to citizens of the United States who are the only individuals eligible to vote in Federal elections.

Exhibits 1 and 2 are grounded in constitutional and several statutory provisions, e.g.: U.S. Const. Art. IV, Sec. 4; 5 U.S.C. 552a; 18 U.S.C. §§ 2(a), 241, 371, 611, 1001, 1015, 1341, 1708, 2721-2725; 39 U.S.C. 401; 42 U.S.C. 1320b-7; 52 U.S.C. §§ 10307, 20507, 20511, 21081(a)(2)(B); and Executive Order 14248 of March 25, 2025 (Preserving and Protecting the Integrity of American Elections).

Exhibits 3 and 4 introduces to this Court an additional contour of the Plaintiffs' mail fraud scheme involving the standard use of "anonymous ballots" that literally results in, without due process of law, considering all American citizen voters as though Cestui que vie were dead.

The letter, sitting in Exhibit 3, is precisely the evidence McCray stands on in arguing a lack of subject-matter jurisdiction. A **legal ballot** cannot be "anonymous" under any circumstance or condition within this constitutional Republic.

**D. The Secret Ingredient of "Lawfare".**

The use of "anonymous ballots" in the Plaintiffs' criminal mail fraud scheme comes fully equipped with "lawfare," which is set forth in Exhibits 5 through 15.

On April 7, 2022, McCray electronically, through the landlord's rent payment portal, paid the rent for a Washington resident whom he had never met and who was under judicial oversight of the Washington Superior Court in Clark County.

As part of a scheme to evict the occupants and render them homeless, the landlord, a resident of Oregon, electronically refunded the rent payment to McCray. See Exhibit 5. Afterwards, the landlord commenced an unlawful detainer eviction action. In a Declaration executed on April 26, 2022, "under penalty of perjury" "in Aloha, OR", the landlord, through his attorney, falsely stated that "Defendants failed to pay rent for April, 2022." Exhibit 6.

McCray then filed a motion to intervene to protect his financial interest in preventing the tenants and their pets and a special needs child from becoming homeless during the planned COVID-19 global pandemic.

In response to McCray's motion, the landlord's attorney, a former State County Prosecuting Attorney, filed a motion falsely claiming that McCray, and one of the occupants of the dwelling, were engaged in the "unauthorized practice of law" (UPL) and further requested the Presiding Judge "refer this matter to the County Prosecutor for possible criminal charges." See Exhibit 7.

Both the Presiding Judge and the former State County Prosecuting Attorney were employed in the same Prosecuting Attorney's office. On the face of the UPL "Complaint Form" submitted to the State of Washington Practice of Law Board, the former State County Prosecuting Attorney utterly failed to state a crime or produce any evidence to support the false accusation. He simply stated that: "I assuming the above." See Exhibit 7.

At the time the cross-border criminal conspiracy was agreed upon to falsely accuse McCray and a tenant subject to the landlord's rules, the Superior Court, pursuant to statutory pandemic authority, had appointed one "Benjamin Moody" (Moody) to provide legal representation to all "persons occupying" the apartment. The landlord and its attorney clearly knew the tenants were represented by counsel, as indicated in the text message set forth in Exhibit 5.

In ¶ 3 of his "Notice of Intent To Withdraw" following the successful eviction, Moody informed the Superior Court that McCray had intervened "pleading an independent monetary interest in the matter." See Exhibit 8.

Before the Presiding Judge had an opportunity to rule on the UPL Motion, McCray presented himself for arrest and incarceration based on a copy of the UPL documents. Sheriff's personnel declined to honor McCray's arrest as he requested.

Elected officials of the State of Washington, including the Governor, Attorney General, and all State Legislators, were informed of the wrongful eviction, the criminal conspiracy from Oregon, and the false referral for prosecution. No one uttered a word.

The tenants and their pets were intentionally made wards of McCray who spent over $40,000 to prevent their homelessness; which included providing rental cars, hotel lodging, co-signing for housing, pet insurance and reliable transportation for work. During this housing rescue, an owner of an apartment complex refused to

sell his apartment complex to McCray after the landlord learned he was using the same former prosecuting attorney for his legal counsel. This knowledge led McCray to conduct background checks on all apartment owners/landlords to avoid conflicts with their legal counsel for searching for suitable and affordable housing.

McCray immediately appealed the completed eviction, which included the false UPL charges, directly to the Washington Supreme Court, while taking custody of the tenants and their pets to prevent homelessness. Exhibit 9.

Notwithstanding the fact that the former Prosecutor's UPL motion, filed in the Superior Court, made McCray a party to the unlawful detainer action, Washington Supreme Court Chief Justice Gonzalez, and four other Justices dismissed the Petition as frivolous and awarded the conspiring criminals from Oregon and Washington their attorney fees. Exhibits 11 and 12. The State Supreme Court has, to this day, refused to settle and make go away the payment of attorney fees to these criminal conspirators.

After these Justices of the Washington Supreme Court finished their lawfare attack on McCray, the Washington State Practice of Law Board, which is established and administered by the Washington Supreme Court, the same Supreme Court that turned a blind eye to a criminal conspiracy out of Oregon, also turned a blind eye to the criminal conspiracy and forwarded the manufactured UPL Complaint to the "Clark County Sheriff's Office" and the "Clark County

Prosecutor's Office." See Exhibit 13. Also available on Trump Genius' Truth Social, https://truthsocial.com/@trumpgenius/posts/113144590828224219.

While the State of Washington has kept the Sword of Damocles swinging over the head of McCray, the State has also found the State's criminal referral of McCray did not disqualify him to participate in jury duty. Exhibit 14.

Following the execution of Executive Order 14287, the U.S. Attorney General published a list of "sanctuary jurisdictions," which included the State of Washington and other violators of Federal laws being investigated and enforced by President Trump or individuals acting for President Trump. Exhibit 15.

The Superior Court of Washington clearly lacked subject matter jurisdiction to award the criminal conspirators with eviction relief. The criminal lawfare conspiracy directed at McCray and the tenants was, without a doubt, intentional. Even a dog knows this difference.

Executive Order 14399 of March 31, 2026 identified an intentional criminal conspiracy directed against voters, like McCray, who are citizens of the United States and lawful residents of the States wherein they reside. No amount of judicial jurisdiction can cover up and conceal this accusations contained in Exhibits 1 and 2, and amplified by Exhibit 3. Moreover, the Plaintiffs do not deny the accusations of criminal mail fraud conspiracy associated with mail-in ballots.

On September 1, 2026, Greg S. Griffin, Georgia State Auditor, and Lisa Kieffer, Executive Director, Georgia Department of Audits & Accounts (DOAA), released a report on "Voter Registration and List Maintenance"[2] where "466,000 Georgia voters were removed from the rolls during the 2022-2024 federal election cycle." Of the 466,000 individuals removed from the voter rolls, 146,000 were considered as though Cestui que vie were dead. To state differently, the human criminals in control of the election administration machine of the State of Georgia had available to them at least 466,000, portable "anonymous" ballots for use across the State, or the entire United States for that matter:






These 466,000 portable anonymous ballots raises the issue whether the State of Georgia and Fani Taifa Willis ever acquired subject matter jurisdiction to prosecute President Trump for election interference racketeering while the State was maintaining 466,000 names of individuals who showed no signs of life or volition.

[2] https://www.audits2.ga.gov/reports/summaries/voter-registration-and-list-maintenance/; Robert Gouveia Esq. *Georgia Audit EXPOSES 466,000 Bad Voter Registrations.* September 4, 2026. https://www.youtube.com/watch?v=BRdyQui73a8.

As was the case with the lack of jurisdiction by the Superior Court of Washington in Clark County and the lack of jurisdiction of the Washington State Supreme Court's Criminal Referral of McCray, this Court must also decide what rule, doctrine, statute or constitutional provision provides the Court with jurisdiction to award relief to individuals operating criminal mail fraud conspiracies protected by the sovereignty reserved to the States.


Q !!Hs1Jq13jV6 ID: 496637 No.10110219 4616
Jul 28 2020 22:11:28 (EST)

NOTHING CAN STOP WHAT IS COMING.
NOTHING.
WWG1WGA!!!
Q

Perry Mason once said: "Murder is usually very simple. It's the getting away with it that's real complicated and tricky."

## CONCLUSION

For the reasons set forth above, the proposed Intervenor-Defendant respectfully request that the Court grant his motion to intervene and dismiss with prejudice.

Submitted Respectfully this 8th day of September 2026.

Emanuel McCray

## CERTIFICATE OF SERVICE

I certify that on September 8, 2026, the above Motions to Intervene and Dismiss were mailed as addressed below to the parties in this action:

| | |
|---|---|
| *Attorneys for Plaintiffs League of Women Voters of Massachusetts, et al.*<br>Jessie J. Rossman<br>ACLU of Massachusetts<br>One Center Plaza, Suite 850<br>Boston, MA 02108<br>Adriel I. Cepeda Derieux<br>Sarah E. Brannon<br>American Civil Liberties Union Foundation<br>915 15th Street NW<br>Washington D.C., DC 20005<br>Andrew B. Garber<br>Brennan Center for Justice at NYU School of Law<br>1750 Broadway, Suite 1750<br>New York, NY 10271<br>Brenda Wright<br>NAACP Legal Defense & Educ. Fund<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>Clayton Pierce<br>Davin McKay Rosborough<br>Ethan Herenstein<br>Jonathan Topaz<br>Ming Cheung<br>Sophia Lin Lakin<br>Theresa J. Lee<br>William Miles Hughes<br>American Civil Liberties Union Foundation<br>125 Broad Street, 8th Floor<br>New York, NY 10004<br>Ejaz H Baluch , Jr<br>Niyati Shah<br>Noah Baron<br>Asian Americans Advancing Justice-AAJC Litigation<br>1620 L Street NW, Suite 1050<br>Washington, DC 20036<br>Eliza Sweren-Becker | *Attorneys for Defendants*<br>Stephen Michael Pezzi<br>Esam Al-Shareffi<br>United States Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street NW, Suite 12104<br>Washington, DC 20005<br>Michael Velchik<br>DOJ-Civ<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>Rayford A. Farquhar<br>United States Attorney's Office<br>John Joseph Moakley Federal Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br><br>*Attorneys for Intervenor Defendant State of Missouri*<br>Louis Joseph Capozzi III<br>Benjamin Gilberg<br>Office of The Missouri Attorney General<br>815 Olive Street, Suite 200<br>St Louis, MO 63101<br><br>*Attorneys for Intervenor Defendant State of Missouri*<br>John Michael Patton<br>Office of the Missouri Attorney General<br>615 E. 13th Street, Suite 401<br>Kansas City, MO 64106<br><br>*Attorneys for Intervenor Defendant State of Alabama*<br>Alexander Barrett Bowdre<br>Office of the Attorney General<br>501 Washington Avenue<br>PO Box 300152 |

| | |
|---|---|
| Wendy Weiser<br>Brennan Center for Justice<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Isabel Sara Rohani<br>700 14th Street NW, Suite 600<br>Washington, DC 20005<br>John Spencer Cusick<br>Leah Camille Aden<br>NAACP Legal Defense and Educational Fund, Inc.<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>Justin Lam<br>Brennan Center for Justice<br>777 6th Street NW, Suite 1100<br>Washington, DC 20001<br>Miranda Galindo<br>LatinoJustice Prldef<br>475 Riverside Dr., Suite 1901<br>New York, NY 10115<br>Suzanne Schlossberg<br>ACLU of Massachusetts<br>One Center Plaza, Suite 850<br>Boston, MA 02108<br><br>*Attorneys for Intervenor Defendants State of South Dakota, State of Texas, State of South Carolina, State of Nebraska, State of Oklahoma, State of Montana, State of Kansas, State of Louisiana, State of Florida, State of Indiana, State of Alabama, State of Missouri*<br>Ian D. Prior<br>America First Legal Foundation<br>611 Pennsylvania Avenue SE, Suite 231<br>Washington, DC 20003<br><br>*Attorneys for Amicus Wisconsin Democracy Campaign, et al.*<br>Douglas Maynard Poland<br>Jeffrey A Mandell<br>Law Forward, Inc.<br>Rachel Elizabeth Snyder<br>222 West Washington Avenue, Suite 680<br>Madison, WI 53703<br>Ruth M. Greenwood | Montgomery, AL 36130-0152<br><br>*Attorneys for Intervenor Defendant State of Florida*<br>David M.S. Dewhirst<br>Florida Attorney General's Office<br>107 W Gaines Street<br>Tallahassee, FL 32399-1050<br><br>*Attorneys for Intervenor Defendant State of Montana*<br>Christian Brian Corrigan<br>Office of the Attorney General<br>215 North Sanders<br>Helena, MT 59601<br><br>*Attorneys for Intervenor Defendant State of South Carolina*<br>Joseph David Spate<br>South Carolina Attorney General's Office<br>P.O. Box 11549<br>Columbia, SC 29211<br><br>*Attorneys for Amicus Society for the Rule of Law*<br>Inga S. Bernstein<br>Zalkind Duncan & Bernstein LLP<br>2 Oliver Street, Suite 200<br>Boston, MA 02109<br>Richard D. Bernstein<br>1875 K Street N.W.<br>Washington, DC 20006<br><br>*Attorneys for Amicus Becky Close, et al.*<br>Ana I. Munoz<br>Zalkind, Duncan & Bernstein LLP<br>2 Oliver Street, Suite 200<br>Boston, MA 02109<br><br>*Attorneys for Amicus Center for Election Innovation and Research*<br>Ana I. Munoz<br>Zalkind, Duncan & Bernstein LLP<br>2 Oliver Street, Suite 200<br>Boston, MA 02109 |

| | |
|---|---|
| Harvard Election Law Clinic<br>6 Everett Street, Suite 4105<br>Cambridge, MA 02138<br><br>*Attorneys for Amicus National Security Leaders for America*<br>Yevgeniy Pilipovskiy<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br><br>*Attorneys for Amicus Lawyers for the Rule of Law*<br>Daniel N Arshack<br>Arshack, Hajek & Lehrman, PLLC<br>1790 Broadway<br>5 Columbus Circle, Suite 1501<br>New York, NY 10019<br>Tracy A. Miner<br>Miner Siddall LLP<br>101 Federal Street, Suite 650<br>Boston, MA 02110 | Kyle R Freeny<br>Samantha Bateman<br>Washington Litigation Group<br>1717 K Street NW<br>Washington, DC 20006<br><br>*Attorneys for League of United Latin American Citizens, et al.*<br>Anna Marks Baldwin<br>Aseem Mulji<br>Benjamin Phillips<br>Danielle Marie Lang<br>Valencia Richardson<br>Campaign Legal Center<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005<br><br>David A. Russcol<br>Zalkind Duncan & Bernstein LLP<br>2 Oliver Street, Suite 200<br>Boston, MA 02109 |

Emanuel McCray