# INTERVENOR-DEFENDANT MCCRAY
# EXHIBIT 1

Federal Register
Vol. 91, No. 64
Friday, April 3, 2026

# Presidential Documents

Title 3—

The President

**Executive Order 14399 of March 31, 2026**

## Ensuring Citizenship Verification and Integrity in Federal Elections

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the Help America Vote Act of 2002 (52 U.S.C. 20901 *et seq.*), the National Voter Registration Act of 1993 (52 U.S.C. 20501 *et seq.*), and the Federal Government's constitutional obligation to guarantee a republican form of Government to every State in the Union, U.S. Const. Art. IV, Sec. 4, it is hereby ordered:

**Section 1.** *Purpose and Policy.* The right to vote in Federal elections is reserved exclusively for citizens of the United States under the Constitution and Federal law. Federal statutes explicitly prohibit non-citizens from registering to vote or voting in Federal elections and impose criminal penalties for violations. (18 U.S.C. 241; 18 U.S.C. 611; 18 U.S.C. 1015; and 52 U.S.C. 20511). The Social Security Administration (SSA) maintains records that, in conjunction with the Department of Homeland Security's (DHS) Systematic Alien Verification for Entitlements (SAVE) program under 42 U.S.C. 1320b–7, can assist in verifying identity and Federal election voter eligibility.

The Federal Government has an unavoidable duty under Article II of the Constitution of the United States to enforce Federal law, which includes preventing violations of Federal criminal law and maintaining public confidence in election outcomes. To enhance election integrity via the United States Mail, additional measures are necessary. Secure ballot envelope identifiers provide a reliable, auditable mechanism to enforce Federal law without unduly burdening or infringing on the rights of eligible voters. Unique ballot envelope identifiers, such as bar codes, enable confirmation that only citizens receive and cast ballots, reducing the risk of fraud and protecting the integrity of Federal elections.

**Sec. 2.** *Establishment and Transmission of State Citizenship Lists and Prioritization of Investigations and Prosecutions Related to Election Fraud.* (a) To the extent feasible and consistent with applicable law, including but not limited to the Privacy Act of 1974 (5 U.S.C. 552a), the Secretary of Homeland Security, through the Director of United States Citizenship and Immigration Services and in coordination with the Commissioner of SSA, shall take appropriate action to compile and transmit to the chief election official of each State a list of individuals confirmed to be United States citizens who will be above the age of 18 at the time of an upcoming Federal election and who maintain a residence in the subject State (State Citizenship List). The State Citizenship List shall be derived from Federal citizenship and naturalization records, SSA records, SAVE data, and other relevant Federal databases. The State Citizenship List shall be updated and transmitted to State election officials no fewer than 60 days before each regularly scheduled Federal election, or promptly upon request by a State in connection with any special Federal election. The Secretary of Homeland Security shall establish procedures to (i) allow individuals to access their individual records as well as to update or correct them in advance of elections; and (ii) enable States to routinely supplement and provide suggested modifications or amendments to the State Citizenship List transmitted thereto. An individual's identification on the State Citizenship List does not indicate that the individual has been properly registered to vote in the State. State and Federal laws and State procedures must still be followed

for an individual to be registered to vote. There may be State laws, not reflected in the State Citizenship List, that preclude voter registration, or the individual may choose not to be registered.

(b) For purposes of this order, an individual is "eligible to vote in a Federal election" if the individual is a citizen of the United States, 18 years of age or older by the date of the upcoming election, and otherwise qualified under the laws of his or her State. The Attorney General shall prioritize the investigation and, as appropriate, the prosecution of State and local officials or any others involved in the administration of Federal elections who issue Federal ballots to individuals not eligible to vote in a Federal election, including under 18 U.S.C. 2(a), 18 U.S.C. 241, 18 U.S.C. 371, 18 U.S.C. 611(a), 18 U.S.C. 1001, 18 U.S.C. 1015, 52 U.S.C. 10307, and 52 U.S.C. 20511. Similarly, the Attorney General shall prioritize the investigation and, as appropriate, the prosecution of individuals and public or private entities engaged in, or aiding and abetting, the printing, production, shipment, or distribution of ballots to individuals who are not eligible to vote in a Federal election.

**Sec. 3**. *United States Postal Service Rulemaking on Mail-In and Absentee Ballots*. (a) The unlawful use of the mail in connection with elections is prohibited by various Federal statutes, including 18 U.S.C. 1341, 18 U.S.C. 1708, 52 U.S.C. 10307, and 52 U.S.C. 20511.

(b) To ensure the faithful execution of Federal law, protect the integrity of the mail as a medium for transmitting Federal election ballots and establish uniform standards for mail-in or absentee ballot services implemented through the United States Postal Service (USPS), the Postmaster General is hereby directed to initiate a proposed rulemaking pursuant to 39 U.S.C. 401 and other applicable authority within 60 days of the date of this order. The notice of proposed rulemaking shall include, at minimum, the following:

(i) Proposed provisions specifying that all outbound ballot mail must be mailed in an envelope that:

(A) is marked as Official Election Mail, including through designated markings provided by USPS for this purpose, such as the Official Election Mail logo, as necessary and appropriate;

(B) is automation-compatible and bears a unique Intelligent Mail barcode, or successor USPS technology, that facilitates tracking and is consistent with the other requirements of this section; and

(C) has undergone a mail envelope design review by the USPS to ensure compliance with USPS mailing standards, including barcode placement.

(ii) Proposed provisions specifying that, no fewer than 90 days prior to a Federal election, any State may choose to notify the USPS if it intends to allow for mail-in or absentee ballots to be transmitted by the USPS. As part of that notification, any notifying State should further indicate whether it intends to submit to the USPS, no fewer than 60 days before the election, a list of voters eligible to vote in a Federal election in such State to whom the State intends to provide a mail-in or absentee ballot to be transmitted via the USPS.

(iii) Proposed provisions specifying that the USPS shall not transmit mail-in or absentee ballots from any individual unless those individuals have been enrolled on a State-specific list described in subsection (b)(iv) of this section with the USPS pursuant to this subsection.

(iv) Proposed provisions specifying that the USPS shall provide each State with a list of individuals (Mail-In and Absentee Participation List) who are enrolled with the USPS, pursuant to a process specified in the rulemaking directed by this subsection, for mail-in or absentee ballots provided by such State, along with unique ballot envelope identifiers, such as bar codes, for mail-in or absentee ballots provided to such individuals. The preparation and transmission of each State-specific Mail-In and Absentee Participation List shall comply with the Privacy Act and all applicable use agreements.

(v) Proposed procedures enabling each State to routinely supplement and provide suggested modifications or amendments to the State's Mail-In and Absentee Participation List in advance of any Federal election, consistent with applicable State law.

(c) The USPS shall coordinate with the USPS Office of Inspector General and the Department of Justice for investigation of suspected unlawful use of the mail involving Federal election materials.

(d) Any final rule pursuant to this section shall be issued no later than 120 days from the date of this order.

**Sec. 4.** *Implementation.* (a) The Secretary of Homeland Security, the Commissioner of SSA, and the Postmaster General shall coordinate with the Secretary of Commerce in effectuating all relevant aspects of the implementation of this order.

(b) The Attorney General shall enforce compliance with the applicable Federal statutes referenced herein and provide guidance to election officials, including any instrumentalities thereof; contractors; individuals involved in the administration of Federal elections; or public or private entities engaged in the printing, production, shipment, or distribution of ballots.

(c) The Secretary of Homeland Security shall, within 90 days of the date of this order, establish the infrastructure necessary to compile, maintain, and transmit the State Citizenship List described in section 2(a) of this order, and shall designate a point of contact within DHS to receive and process requests from individuals and State election officials regarding the relevant State Citizenship List. The Commissioner of SSA shall provide all necessary citizenship and identity data to the Secretary of Homeland Security in support of this requirement, consistent with applicable law, the Privacy Act, and all applicable use agreements.

**Sec. 5.** *Enforcement.* The Attorney General and the heads of executive departments and agencies (agencies) with relevant authority shall take all lawful steps to deter and address noncompliance with Federal law, including withholding Federal funds from noncompliant States and localities where such withholding is authorized by law. Evidence of violations of existing Federal laws by State or local election officials; States or localities, including any instrumentalities thereof; contractors; individuals involved in the administration of Federal elections; or public or private entities engaged in the printing, production, shipment, or distribution of ballots may be referred to the Department of Justice for consideration of investigation or charges under 18 U.S.C. 2(a), 18 U.S.C. 241, 18 U.S.C. 371, 18 U.S.C. 611(a), 18 U.S.C. 1001, 18 U.S.C. 1015, 52 U.S.C. 10307, and 52 U.S.C. 20511. States and localities should preserve, for a 5-year period, all records and materials—excluding ballots cast—evidencing voter participation in any Federal election (*e.g.*, ballot envelopes, regardless of carrier).

**Sec. 6.** *Severability.* If any provision of this order, or the application of any provision to any agency, person, or circumstance, is held to be invalid, the remainder of this order and the application of its provisions to any other agencies, persons, or circumstances shall not be affected thereby.

**Sec. 7.** *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.



THE WHITE HOUSE,
*March 31, 2026.*

[FR Doc. 2026–06601
Filed 4–2–26; 11:15 am]
Billing code 3395–F4–P