# INTERVENOR-DEFENDANT MCCRAY
# EXHIBIT 14

EMANUEL MCCRAY
**a/k/a "TRUMP GENIUS"**
400 W McLoughlin Blvd Apt 5
Vancouver, WA 98660
emanuel.mccray@hotmail.com

May 31, 2025

**Re: Official Juror Summons**
**Juror ID: 0000210950**
**Group No.: 024-0587**

Clark County Jury Administration
PO BOX 5000
Vancouver, WA 98666-5000

Honorable Derek J. Vanderwood (Presiding)
c/o Superior Court Administrator
PO Box 5000
Vancouver, WA 98666-5000

**Subj: Notice of Juror Disability Due To False Criminal Referral By State of Washington**

Ref: (a) Practice of Law Board Notice of Referral Against Emanuel McCray File No. 22-15 Dated October 21, 2022

(b) Clark County Superior Court Case No.: 21-2-02465-06, *Canyon Furniture, Inc. dba Sirrah Court Apartments, v. Taylor Gastineau & SanJuan Leon, and all other persons occupying 3005 St. Johns Blvd. #21, Vancouver, WA*

Dear Addressees:

On or about October 21, 2022, the juror identified above, and whose signature appears below, was **falsely** referred to criminal prosecution, Reference (a), by the State of Washington through the Washington Supreme Court and the Washington State Bar Association. See Exhibit 1 attached hereto.

On or about March 23, 2024, the undersigned attempted to settle this **false Criminal Referral**. See Exhibit 2 attached hereto. Silence was the response to this Settlement Offer.

The **false Criminal Referral** to prosecution by the State of Washington through the Washington Supreme Court and the Washington State Bar Association, was preceded by the filing of "Plaintiff's Motion to Prohibit the Unauthorized Practice of Law and Memorandum in Support Thereof," Reference (b), on or about May 19, 2022. See Exhibit 3 attached hereto. Exhibit 4 provides additional relevant context.

The Honorable Emily A. Sheldrick did not use her judicial power to refer Plaintiff's Motion to the Sheriff and Clark County Prosecuting Attorney's Office where she was previously

employed in the Civil Division of the Clark County Prosecuting Attorney's Office before her appointment to the bench by Governor Inslee in January 2020.

Notwithstanding the fact that I had to make an appearance in Court to defend against the Motion to Prohibit the Unauthorized Practice of Law filed by Plaintiff's attorney, who was also employed by the Clark County Prosecuting Attorney's Office along with Judge Sheldrick, the Washington Supreme Court, to the contrary, ruled that I never became a party to the eviction proceeding and ordered that I pay attorney fees to the very individuals who intentionally **lied** to Judge Sheldrick that the rent was not paid, when in fact my Sworn Affidavit and the text message from the Defendants' attorney proved otherwise.

Again, here is the text message sent to the tenants' attorney making it crystal clear the rent was paid and that a lie was told to the Honorable Judge Sheldrick:




Washington's Legislature, Governor, Attorney General, Clark County Commissioners, Clark County Sheriff, Clark County Prosecuting Attorney's Office and Clark County Clerk ("Scott Weber") were each served with a copy of my Sworn Affidavit, which was also before the Washington Supreme Court during its proceedings, *Canyon Furniture, Inc. v. Emanuel McCray*, Supreme Court No. 100990-9. The individuals/entities immediately mentioned took no action to stop the alleged wrongful eviction and the forwarding of the alleged **false Criminal Referral**.

In *United States v. Dugan* (2:25-CR-00089), District Court, E.D. Wisconsin, Judge Dugan argued "judicial immunity" applied to her alleged misconduct by claiming that her conduct was "devoid of the self-enrichment or self-gratification… [, did not involve] leverage or opportunity for a bribe, kickback, or favor, or to commit another crime… [, and] did not trench on any individual's constitutional rights protected under the Reconstruction Amendments." See ECF/Doc. No. 21 at 20. See also ECF/Doc. Nos. 15, 21, 25, 25-1 and 26 for full context. Judge Dugan also argued that title 18 U.S.C. § 242 was a statute the U.S. Supreme Court found that "abrogate[s] state judges' criminal immunity," ECF/Doc. No. 21 at 2, 7, 9, 22 and 34, and that:

> The [U.S. Supreme] Court has, however, in *dicta* in civil cases, said that judges are not entitled to *criminal* judicial immunity in Enforcement Act cases. *O'Shea v.*

*Littleton*, 414 U.S. 488, 503 (1974) (denying injunctive relief and observing, "Judges who would willfully discriminate on the ground of race or otherwise would willfully deprive the citizen of his constitutional rights, as this complaint alleges, must take account of 18 U.S.C. § 242"); *Imbler v. Pachtman*, 424 U.S. 409, 428–29 (1976) (recognizing civil immunity but observing, "Even judges, cloaked with absolute civil immunity for centuries, could be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. § 242, [ ] the criminal analog of § 1983")...." ECF/Doc. No. 21 at 9.

On May 30, 2025, many former state and federal judges, including 26 from the State of Washington, filed "Motion of Former State and Federal Judges for Leave To File Amicus Curiae Brief In Support of Defendant's [Judge Dugan's] Motion To Dismiss the Indictment." ECF/Doc. Nos. 25, 25-1 and 26. The following Washington judicial officers were listed as follows in compliance with Civil L. R. 7.1 and Fed. R. Civ. P. 7.1:

Associate Justice Bobbe J. Bridge Washington Supreme Court
Judge J. Robin Hunt Washington Court of Appeals
Judge Christopher Melly, Clallam County Superior Court
Judge Ken Williams, Clallam County Superior Court
Judge Jeffrey M. Ramsdell, King County Superior Court
Judge Judith H. Ramseyer, King County Superior Court
Judge Palmer Robinson, King County Superior Court
Judge Carol Schapira, King County Superior Court
Judge Catherine Shaffer, King County Superior Court
Judge Julie Spector, King County Superior Court
Judge Regina S. Cahan, King County Superior Court
Judge Harriett M. Cody, King County Superior Court
Judge Julia L. Garratt, King County Superior Court
Judge Helen Halpert, King County Superior Court
Judge Ronald Kessler, King County Superior Court
Judge Linda Lau, King County Superior Court Washington State Court of Appeals
Judge Stephanie A. Arend, Pierce County Superior Court
Judge Ronald E. Culpepper, Pierce County Superior Court
Judge Vicki L. Hogan, Pierce County Superior Court
Judge John Meyer, Skagit County Superior Court
Judge David A. Kurtz, Snohomish County Superior Court
Judge Paul A. Bastine, Spokane County Superior Court
Judge Paula Casey, Thurston County Superior Court
Judge John Lohrmann, Walla Walla County Superior Court
Judge Thomas J. Wynne Superior Court
Judge Deborra Garrett, Whatcom County Superior Court

Affording lawful "due process" and adherence to the "judicial oath" are among the guarantees provided in the U.S. Constitution. Since 2022, the State's **<u>false Criminal Referral</u>** has hung over me like the "Sword of Damocles." This Sword presents a constant and imminent

threat for, and danger to, me. This is very agonizing, both mentally and physically, and in direct violation of the State and Federal Constitutions. "The value of a sword of Damocles is that it hangs—not that it drops." *Arnett v. Kennedy,* 416 U.S. 134, 231 (1974) (Marshall, J., dissenting). See also *American Civil Liberties Union v. Reno,* 929 F. Supp. 824, 855-856 (E.D. Pa. 1996):

> "First, it is difficult to characterize a criminal statute that hovers over each content provider, like the proverbial sword of Damocles, as a narrow tailoring. Criminal prosecution, which carries with it the risk of public obloquy as well as the expense of court preparation and attorneys' fees, could itself cause incalculable harm."

The State's **false Criminal Referral** is also subject to disclosure as a "public record," which would also stain my reputation by providing the public with a false impression that I committed a crime. In *Kalina v. Fletcher,* 522 U.S. 118 (1997), STEVENS, J., writing for a unanimous Court, held that title 42 U.S.C. § 1983 may create a damages remedy against a prosecutor when performing the function of a "complaining witness" making false statements of fact, which is what Washington State has done and become with its **false Criminal Referral**.

JUSTICE SCALIA, with whom JUSTICE THOMAS joined, concurring, wrote separately to clarify their unanimous opinion:

> "[B]ecause it would be a shame if our opinions did not reflect the awareness that our "functional" approach to 42 U. S. C. § 1983 immunity questions has produced some curious inversions of the common law as it existed in 1871, when § 1983 was enacted.... The common-law rule was, in a sense, exactly opposite.... *Malley's* distortion of the term 'complaining witness' may take us as close to the right answer as we are likely to get. Because Kalina's conduct clearly places her in that functional category, I agree with the Court that she is not entitled to absolute immunity under our precedents." *Id.* 522 U.S. at 131-135.

Unlike Judge Dugan's judicial immunity arguments, the State of Washington used the administrative, "complaining witness" process to submit its **false Criminal Referral** to the Clark County Sheriff and the Clark County Prosecutor. This State's obvious malicious use of the **false Criminal Referral** and the "Sword of Damocles" has created a disability that prevents me from ever serving as a juror in this State or for a Federal Grand Jury while the Sword of Damocles is kept hanging above my innocent head. In Greek mythology, the same was true of Damocles, who, not knowing when or if the sword would fall, quickly learned the "precarious nature of happiness." Thus, the State's use of the Sword of Damocles must be made to either drop or immediately go away, permanently, so that I may again be able to perform my invaluable civic duties for this State and the United States of America.

Respectfully submitted,

Emanuel McCray

By Emanuel McCray
**a/k/a "TRUMP GENIUS"**