FILED
IN CLERKS OFFICE
2026 SEP 17 A 11: 21
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al.,**
Plaintiffs,

v.

**DONALD J. TRUMP, et al.,**
Defendants.

Civil Action No. 1:26-cv-11549-IT

---

**REQUEST FOR CLARIFICATION AND CORRECTION OF ORDER REGARDING MOVANT'S CAPACITY AND AMICUS PARTICIPATION**

Brandon Michael Hayes, appearing pro se in his individual capacity as President of the Natural Law Institute, respectfully requests clarification and correction of the Court's September 11, 2026 Electronic Order denying Movant's Motion for Reconsideration of Order Denying Leave to File Brief as Amicus Curiae.

The request concerns the basis identified in the Court's Order regarding Movant's capacity and the effect of that basis upon the original denial of leave.

Movant's original Motion for Leave to File Brief as Amicus Curiae identified Brandon Michael Hayes as the individual movant and stated his affiliation as President of the Natural Law Institute. The proposed amicus submission was filed by Movant individually to provide a neutral framework for the Court's consideration of issues presented in the litigation.

The filing did not seek to have the Natural Law Institute appear as a party, did not seek to represent the Natural Law Institute as counsel, and did not seek permission for an unrepresented entity to proceed pro se.

The Court's September 11, 2026 Order states:

> **"To the extent Mr. Hayes, who is proceeding pro se, seeks to appear on behalf of the Natural Law Institute, he may not do so, and to the extent that the Natural Law Institute seeks to appear, it must do so through counsel."**

Movant respectfully requests clarification whether the Court intended this statement to identify the capacity of the proposed amicus filing as the basis for the original denial of leave.

If the Court understood the filing to constitute an attempted appearance by the Natural Law Institute itself, Movant respectfully submits that such a determination resulted from a misunderstanding of the capacity identified in the filing. The proposed filing did not identify the Natural Law Institute as the appearing entity.

Further, if the Court determined that the filing required clarification regarding Movant's capacity, such a determination would identify a curable procedural issue rather than a basis for categorical denial. Movant respectfully submits that clarification of capacity could have been requested or permitted prior to denial, allowing the filing to proceed in the capacity actually presented.

The distinction is material because the original denial occurred while the matters addressed by the proposed amicus brief remained pending before the Court. The subsequent resolution of the preliminary injunction proceedings provides a basis for determining that reconsideration is no longer necessary for that proceeding, but it does not identify the basis upon which the original denial of leave was entered.

Movant therefore respectfully requests clarification:

1. Whether the Court's original denial of leave was based upon a determination that Movant improperly sought to appear on behalf of the Natural Law Institute;
2. If so, whether the Court's determination was based upon the conclusion that the Natural Law Institute itself was the proposed amicus movant rather than Brandon Michael Hayes individually; and
3. Whether correction of that capacity designation would have permitted consideration of the amicus submission on its merits.

Clarification will permit accurate understanding of the Court's amicus participation standards and will ensure future submissions identify capacity in the form required by the Court.

Respectfully submitted,

BMH

Brandon Michael Hayes
President, Natural Law Institute
Pro Se
159 Indian Hill Street
West Newbury, Massachusetts 01985
(617) 438-2049
brandon@hayeshaus.com

Dated: Sept 14, 2026