**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2026 SEP 24 A 11:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

**LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al.,**
Plaintiffs,

v.

**DONALD J. TRUMP, et al.,**
Defendants.

Civil Action No. 1:26-cv-11549-IT

---

## MOTION FOR RECONSIDERATION OF ORDER DENYING CLARIFICATION AS MOOT

Brandon Michael Hayes, appearing pro se in his individual capacity as President of the Natural Law Institute, respectfully requests reconsideration of the Court's Electronic Order at ECF No. 305 denying as moot Movant's Request for Clarification and Correction of Order Regarding Movant's Capacity and Amicus Participation.

The request for clarification now carries a concrete consequence beyond the completed preliminary-injunction proceedings.

On September 14, 2026, the United States Court of Appeals for the First Circuit denied Movant's separate request for leave to file an amicus brief in the related appellate proceedings expressly **"for the same reasons given by the district court."**

The reasons stated by this Court have therefore become operative beyond the completed district-court motion practice. They were expressly incorporated into the First Circuit's disposition of Movant's appellate amicus request.

Accordingly, clarification of those reasons is no longer merely retrospective.

---

## I. THE FIRST CIRCUIT'S EXPRESS RELIANCE UPON THIS COURT'S REASONS CREATES A PRESENT CONSEQUENCE

The Court denied clarification as moot because the underlying preliminary-injunction proceedings had concluded.

The subsequent appellate order changes that posture.

The First Circuit did not supply an independent reason for denying Movant's appellate amicus request. It expressly incorporated the reasons previously supplied by this Court.

Those reasons therefore presently operate as the stated basis for a separate judicial disposition in pending appellate proceedings.

A judicial clarification now has a practical function: it establishes accurately what this Court decided, what factual and procedural premises supported that decision, and what reasoning the First Circuit incorporated when it relied upon "the same reasons given by the district court."

The clarification request therefore presents more than an abstract disagreement concerning a completed ruling.

The stated reasons have continuing effect.

---

## II. THE TWO REASONS PREVIOUSLY IDENTIFIED DO NOT CORRESPOND TO THE AMICUS SUBMISSION PRESENTED

This Court previously identified two considerations:

1. the absence of a pending motion; and
2. the prohibition against a pro se individual representing an entity.

Neither describes the submission presented.

First, the proposed amicus brief was not dependent upon a particular pending motion. It addressed constitutional classification, governmental authority, Article III sequencing, voting mechanisms, verification, and judicial remedy across the proceedings. Its proposed function was assistance to the Court concerning questions presented by the litigation, rather than advocacy attached to a single motion.

Second, the Natural Law Institute was not the proposed amicus movant.

The filing identified:

**Brandon Michael Hayes, President, Natural Law Institute, Pro Se Amicus Curiae.**

Brandon Michael Hayes was the individual movant. The Natural Law Institute identified his institutional affiliation and the provenance of the analytical framework presented.

The filing did not request that the Natural Law Institute appear pro se, become a party, or be represented by Movant as counsel.

The rules concerning representation of an entity therefore address a circumstance different from the one presented by the filing.

---

## III. ACCURATE CLARIFICATION MATTERS BECAUSE AN APPELLATE COURT HAS INCORPORATED THIS COURT'S REASONS

The requested clarification does not require alteration of the Court's completed preliminary-injunction ruling.

It concerns the accuracy and continuing effect of the reasons supplied for denying amicus participation.

The distinction is now consequential because those reasons have been expressly incorporated into a separate appellate ruling.

If this Court intended its original denial to rest upon some consideration other than the absence of a pending motion or an attempted pro se appearance by the Natural Law Institute, clarification would identify that consideration.

If those were the intended reasons, clarification would permit the record to establish how either reason corresponds to the submission actually presented.

Either result supplies an ascertainable basis for the appellate disposition that now expressly depends upon this Court's reasoning.

---

## IV. REQUEST FOR RELIEF

Movant respectfully requests reconsideration of ECF No. 305 and clarification of the basis for the original denial of leave to file the proposed Brief of Amicus Curiae.

Specifically, Movant requests clarification whether:

1. the absence of a separately pending motion was treated as a prerequisite to amicus participation;
2. the Court understood Brandon Michael Hayes to be attempting to represent the Natural Law Institute rather than appearing individually while identifying his institutional affiliation; or
3. another consideration supplied the basis for the original denial.

Clarification will permit the district and appellate records to accurately reflect the basis upon which Movant's amicus participation was denied.

Respectfully submitted,

**Brandon Michael Hayes**
President, Natural Law Institute
Pro Se
159 Indian Hill Street
West Newbury, Massachusetts 01985
(617) 438-2049
brandon@hayeshaus.com

Dated: Sept 22, 2026